## LAWSON *v.* PROSSER, next friend.

1. This suit not being one instituted or defended by the personal representative of a deceased person, the provisions of section 5858 of the Civil Code do not apply to any of the evidence offered and objected to as offending said section. The evidence was admissible to show a state of facts from which the law implies a trust.

2. "A voluntary deed, though duly recorded, and taken without notice of a prior voluntary deed executed by the same grantor and not recorded, does not give to the second grantee a priority over the first." The doctrine of constructive notice applies only to deeds made for a valuable consideration.

3. It was not error in this case to instruct the jury as follows: "I charge you that although you might reach the conclusion that Mrs. F. E. Prosser made to Mattie Leone Prosser the deed in 1902, if the defendant, in 1907, purchased the land from his mother, for a valuable consideration (this is that he paid money for it, although it might not have been the full value of the land), and if he had no actual notice of the previous deed claimed by the plaintiff to have been made by Mrs. F. E. Prosser in the year 1902, if he had no actual notice of that deed, and was what the law calls an innocent purchaser, he should get a good title to the land."

4. The court did not err in charging the jury as follows: "If the plaintiff is entitled to recover anything at all, she is entitled to recover the forty-nine acres sued for in this action."

FEBRUARY 14, 1917.

Complaint for land. Before Judge Park. Baldwin superior court. December 6, 1915.

Mrs. Mattie Prosser, as next friend of her daughter, Leone, filed her petition against Emmett L. Lawson, for the recovery of forty-nine acres of land, together with mesne profits. A verdict was rendered in favor of the plaintiff for the land in question, and for mesne profits. The defendant moved for a new trial, which was refused, and he excepted.

The petition, as amended, alleged in substance as follows: J. M. Prosser died intestate, leaving the plaintiff as his widow, and their infant child Leone. The grandparents of Leone were A. H. Prosser and his wife, Mrs. F. E. Prosser. The only children of the grandparents were J. M. Prosser and his sister, Mrs. Posey. On August 6, 1895, the grandfather made to his wife a deed conveying a tract of land containing one hundred acres, including the 49 acres for which this suit was brought. This deed gave a life-estate to the grandmother, with remainder over to J. M. Prosser and Mrs. Posey. After the grandfather's death, his son, J. M.

Prosser, made a deed dated November 22, 1902, to his mother, Mrs. F. E. Prosser, to his one-half. undivided interest in the land referred to. While this deed was absolute on its face, it was not the intention of J. M. Prosser to convey the title to his mother, and therefore his mother, immediately upon delivery of the deed to her, executed a deed to the one-half undivided interest to her granddaughter, Leone Prosser. This deed was delivered to the plaintiff for her daughter, Leone, and she at once brought it to the clerk's office to be recorded. Finding no official in the clerk's office to attend to the recording, the plaintiff returned the deed to the grandmother, together with money to pay the recording fee, with the request that the grandmother have the deed recorded at the earliest convenience and return it to the plaintiff. The grandmother accepted the deed and promised to do as requested. The plaintiff relied on the promise and had no reason to believe that the deed had not been recorded until after the death of the grand-- mother in February, 1912. Upon inquiry the plaintiff ascertained that the grandmother, after executing the deed to her grand- daughter, Leone, destroyed it without authority, and without hav- ing had it recorded, as she agreed to do. In December, 1912, the defendant, Lawson, and Mrs. Posey divided the one hundred acres of land referred to, the defendant receiving and taking possession of the 49 acres for which this suit is instituted. The plaintiff is willing to acquiesce in the division of the land as made by Mrs. Posey and the defendant, and prays judgment for the 49 acres re- ceived by the defendant under the terms of the division.

The defendant contends that "the deed from J. M. Prosser to Mrs. F. E. Prosser, made Nov. 22d, 1902, was a warranty fee sim- ple deed and passed a title absolute to said Mrs. F. E. Prosser, and said deed was duly recorded, and she lived upon and claims said tract of land, and was in peaceful, adverse possession of same until she sold said one-half undivided interest in said land to this defendant on July 29th, 1907, and that the titles to said one-half undivided interest in said tract of land from that date was in this defendant, and that this defendant claimed title to said tract of land, and that his mother, Mrs. F. E. Prosser, continued in peace- ful, adverse possession of said tract of land until her death in 1912. This defendant further alleges that he bought this land in absolute good faith from Mrs. F. E. Prosser, without any knowl-

edge or notice, and without the slightest hint or intimation from any one that there was ever a shadow or the slightest taint against the title to this land, and this defendant bought this land and paid for same and the deed was delivered and accepted by this defendant, and said deed was recorded without any knowledge or notice of any irregularity or any claim or interest the plaintiff or her child might have in same."

*D. S. Sanford, Livingston Kenan,* and *Hines & Vinson,* for plaintiff in error. *Allen & Pottle,* contra.

GILBERT, J. (After stating the foregoing facts.)

1. Mrs. Mattie Prosser, the nominal plaintiff, suing in behalf of her minor daughter, was offered as a witness by the plaintiff to prove certain facts in regard to the making of a deed to the land in question by Mrs. F. E. Prosser. The defendant objected to her testimony, on the ground that she was the plaintiff in the case, and because she was interested in the result of the suit, Mrs. F. E. Prosser, the grantor from whom both the plaintiff and the defendant claimed, being dead; and upon the further ground that the offer of this testimony was an attempt to engraft upon an unconditional deed a trust in favor of a third party. The testimony was not inadmissible for any of the reasons assigned. The suit was neither instituted nor defended by the personal representative of a deceased person; nor was the evidence rendered inadmissible by any other provision of the Civil Code (1910), § 5858. *Blanchard* v. *Johnson,* 142 *Ga.* 447 (83 S. E. 104). By express terms section 5858 of the Civil Code is to be strictly construed, and other than therein provided there are no exceptions. Civil Code (1910), § 5859. See, in this connection, *Blount* v. *Beall,* 95 *Ga.* 182 (2), 188 (22 S. E. 52); *Jackson* v. *Gallagher,* 128 *Ga.* 321 (57 S. E. 750); *Hall* v. *Hilley,* 139 *Ga.* 13 (76 S. E. 566); *Kitchens* v. *Pool,* 146 *Ga.* 229 (91 S. E. 81). For the same reason the court did not err in admitting similar testimony of Mrs. Estelle Posey, a witness for the plaintiff. The testimony of this witness was also objected to by the defendant, on the ground that it was an attempt to engraft a parol trust upon an unconditional deed. The testimony of neither of these witnesses was inadmissible for the last-stated reason. The witnesses were offered for the purpose of proving that J. M. Prosser executed a deed to his interest in the land to his mother for a particular purpose, namely,

that the mother should execute thereafter a deed to the same property to his daughter, Leone Prosser, and that this deed was actually executed and delivered, but not recorded. If this was the truth of the case, when J. M. Prosser conveyed title to his mother merely to enable her to convey it to Leone Prosser, the property immediately became impressed with an. implied trust in favor of Leone Prosser. *McKinney* v. *Burns,* 31 *Ga.* 295; *Williams* v. *Smith,* 128 *Ga.* 306, 310 (57 S. E. 801); Civil Code (1910), § 3741.

2. "A voluntary deed, though duly recorded, and taken without notice of a prior voluntary deed executed by the same grantor and not recorded, does not give to the second grantee a priority over the first." The preference given by statute is confined to deeds made upon a valuable consideration. *Toole* v. *Toole,* 107 *Ga.* 472 (33 S. E. 686); *Byrd* v. *Aspinwall,* 108 *Ga.* 1 (33 S. E. 688). The court fairly submitted to the jury the disputed issue of fact, as to whether the deed to Lawson was voluntary or for a valuable consideration. The jury found it to be voluntary. This finding can not be said to be unsupported, since the defendant himself swore, speaking of the grantor: "She told me she wanted to give me the property. In a way she gave it to me. There was a money consideration, I couldn't say how much; but it was her purpose and intention to reimburse me with this land. I paid her what the deed says at the time of her making it. I paid her ten dollars at that time."

3. It was not error in this case to instruct the jury as follows: "I charge you that although you might reach the conclusion that Mrs. F. E. Prosser made to Mattie. Leone Prosser the deed in 1902, if the defendant, in 1907, purchased the land from his mother, for a valuable consideration (this is that he paid money for it, although it might not have been the full value of the land), and if he had no actual notice of the previous deed claimed by the plaintiff to have been made by Mrs. F. E. Prosser in the year 1902, if he had no actual notice of that deed, and was what the law calls an innocent purchaser, he should get a good title to the land." There is no merit in the criticism of this charge that the court instructed the jury that "the valuable consideration must be paid in money," movant contending. that the consideration "may be anything of value, and other things than money." The only reference to consideration in the defendant's allegations was to "a valuable consideration in cash."

4. The court did not err in charging the jury as follows: "If the plaintiff is entitled to recover anything at all, she is entitled to recover the forty-nine acres sued for in this action." The plaintiff in error contends that this charge was error, because if the plaintiff was entitled to anything under her petition, "she was entitled to a one-half undivided interest in the whole tract of land," or "a one-half undivided interest in that portion of the land held by the defendant." The reply to this is that the petition of the plaintiff ratified the division of the land already made between the defendant and Mrs. Posey, and sued for that portion awarded to the defendant. This she had a right to do.

*Judgment affirmed. All the Justices concur.*