34282. MEAD CORPORATION v. MASTERACK et al.

Marshall, Justice.

This is a suit by the Mead Corporation against Masterack, a Division of Leggett & Platt, Inc., and several former key employees of Mead's Merchandising Division, who are now employed by Masterack. The complaint alleges a conspiracy on the part of the defendants to pirate the key employees of Mead's Merchandising Division's sales and marketing force. The complaint also alleges that those defendants who are former key employees of Mead are divulging to Masterack proprietary and trade secret information of Mead. Injunctive relief and damages are sought.

Prior to the commencement of discovery, the defendants filed a motion for summary judgment. In response thereto, plaintiff filed a motion for expedited discovery under CPA § 30 (a) (Code Ann. § 81A-130 (a)). The defendants opposed the plaintiff's motion for expedited discovery, invoking CPA § 56 (f) (Code Ann. § 81A-156 (f)), which provides that: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The defendants argue that CPA § 56 (f) precluded Mead from seeking discovery unless Mead could demonstrate by filing appropriate affidavits that it could not present by affidavit facts sufficient to justify its opposition to defendants' motion for summary judgment. The trial court agreed with the defendants, and Mead was only allowed to take discovery from the defendants concerning those items of proprietary and trade secret information that Mead had been able to specify in its affidavits. Mead objected to this, and by CPA § 56 (f)

affidavit Mead attempted to show why, without full discovery, it could not determine what trade secrets and items of proprietary information had been appropriated to Masterack's use.

Subsequently, the trial court granted the defendants' motion for summary judgment, based on two grounds: (1) Mead's claim that the defendants had conspired to pirate the key employees of Mead's Merchandising Division was controlled adversely to Mead by *Orkin Exterminating Co. v. Martin Co.,* 240 Ga. 662 (242 SE2d 135) (1978); and (2) the defendants had pierced the allegations in Mead's pleadings concerning the misappropriation of trade secrets and proprietary information so that there remained no material issue of fact on this claim.

Mead appeals, arguing that it is the trial court's limitation on its right to discovery that precluded it from establishing whatever factual basis there might be for either claim. We agree and reverse.

In the present case, the trial court misapplied CPA § 56 (f). CPA § 56 (f) is not intended to be used as a vehicle by the party moving for summary judgment to limit the right of the opposing party to engage in discovery. CPA § 56 (f) is intended to protect the party opposing the motion for summary judgment who shows, by affidavit, that he is unable to present by affidavit[1] facts essential to justify his opposition to the motion for summary judgment. See *Clements v. Warner Robins Supply Co.,* 235 Ga. 612 (4) (221 SE2d 35) (1975); *McCurry v. Bailey,* 224 Ga. 318 (2) (162 SE2d 9) (1968); 10 Wright & Miller, Fed. Prac. &

---

[1]Affidavits which are produced in support of, and in opposition to, motions for summary judgment, are governed by CPA § 56 (e). CPA § 56 (e) affidavits should be distinguished from CPA § 56 (f) affidavits. CPA § 56 (e) affidavits are intended to be evidentiary. CPA § 56 (f) affidavits are intended to show why the party opposing summary judgment can not present by evidentiary affidavit, i.e., CPA § 56 (e) affidavit, his reasons for opposing the motion. See 4 Moore's Fed. Prac., ¶ 56.24 at 56-1421 (1976 Ed.).

Procedure: Civil § 2740 (1973 Ed.); 6 Moore's Fed. Prac., ¶ 56.24 (1976 Ed.). In other words, CPA § 56 (f) is intended to be used as a shield by the party opposing the motion for summary judgment and not as a sword by the party moving for summary judgment.

It is true that the trial court has a wide discretion in the entering of orders to prevent the use of discovery directed to irrelevant or immaterial matter. CPA § 26 (c) (Code Ann. § 81A-126 (c)); *Snead v. Pay-less Rentals, Inc.*, 134 Ga. App. 325 (214 SE2d 412) (1975); *International Service Ins. Co. v. Bowen,* 130 Ga. App. 140 (202 SE2d 540) (1973) and cits.; *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284 (193 SE2d 166) (1972). However, where the protective orders entered by the trial court have the effect of frustrating and preventing legitimate discovery, an abuse of discretion occurs. *Snead,* supra; *Bowen,* supra; *Ashworth,* supra. We find an abuse of discretion here.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 6, 1979 — REHEARING DENIED FEBRUARY 27, 1979.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Jerre B. Swann, William B. Gunter,* for appellant.

*Alston, Miller & Gaines, Oscar N. Persons, Wood, Herron & Evans, William G. Konold,* for appellees.