## 57754. SELF v. EXECUTIVE COMMITTEE OF THE GEORGIA BAPTIST CONVENTION OF GEORGIA, INC.

UNDERWOOD, Judge.

This is an appeal from a summary judgment granted defendant, doing business as Georgia Baptist Hospital, in an action alleging the wrongful death of plaintiff's husband who was a patient at the hospital. We affirm.

On August 22, 1977, plaintiff's husband was admitted to the hospital suffering from acute leukemia. Two days later members of his family noticed water leaking from one of the fixtures in the bathroom. Hospital personnel were notified of the leak and an effort was made to repair the fixture. Subsequent to the attempt to repair the leak, Mr. Self went to the bathroom where he slipped and fell and according to the affidavit of a family member "hit his head." Near midnight on the day of his fall, Mr. Self died. Affidavits of various family members contend that Mr. Self's condition prior to the fall was improved over his condition at the time he was admitted to the hospital and deteriorated after the fall. The complaint alleges that the fall was the result of the hospital's negligence in failing properly to repair the bathroom fixture and thus contributed to Mr. Self's death.

In support of its motion for summary judgment, the hospital presented expert medical testimony through the deposition of Dr. Steven Bondell, who performed an autopsy on the deceased. Dr. Bondell testified that there was no causal connection between Mr. Self's fall and his death; that there was no evidence of injury to the head or brain of the deceased; that the fall could not have accelerated his death; that a blow to Mr. Self's head could not have caused the intracerebral hemorrhages causing

his death; and that the type of intracerebral deep-seated hemorrhages causing Mr. Self's death are characteristic of and most common in persons who have acute leukemia, and are uncharacteristic of, and do not indicate, trauma to the head or brain. The death certificate prepared and executed by another physician lists the cause of death as "massive right sided intracerebral hemorrhage with cerebral edema and herniation of cerebellar tonsils" due to acute leukemia.

The decision of the trial court in granting summary judgment was based upon the Supreme Court's holding in *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978) that "[i]n those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." p. 408 citing *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970) and *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976).

On appeal Self contends the trial court erred in granting the hospital's motion for summary judgment as there is a conflict in the evidence and there is no authority requiring Self, under the facts of this case, to present expert opinion testimony to rebut the testimony of the expert witness for the defense. Thus, the sole issue is whether *Howard,* supra, is controlling in this case, or whether it falls within the ambit of *Ginn v. Morgan,* 225 Ga. 192, 195 (167 SE2d 393) (1969), relied on by appellant, in which the Supreme Court held "[t]hat even though the movant supported its motion by opinion evidence, summary judgment was unauthorized, because a jury might lawfully find that the conclusions were not authorized." It should be noted that in *Howard,* supra, the Supreme Court stated specifically *"Ginn v. Morgan,* supra, and its progeny continue to be correct insofar as nonexpert opinion cases are concerned and insofar as motions for summary judgment in favor of plaintiffs are concerned." p. 408.

In order for plaintiff to prevail at trial it would be

necessary to overcome Dr. Bondell's testimony that a blow to the head such as one allegedly sustained by Mr. Self when he fell did not and could not cause intracerebral hemorrhage of the nature which resulted in his death. Such expert opinion testimony would be mandatory to establish that the death of plaintiff's husband resulted from the negligence of the hospital as required in an action for wrongful death brought under Code §§ 105-1301 and 105-1302 rather than from the acute leukemia for which he was hospitalized as concluded by an expert witness, Dr. Bondell. Accordingly, we find the principle of *Howard v. Walker*, supra, applicable here. Since no expert witness testimony was submitted by plaintiff in opposition to that presented by defendant in support of its motion for summary judgment, and since plaintiff could not prevail without such expert witness testimony, the trial court correctly granted summary judgment to the defendant.

*Judgment affirmed. McMurray, P. J., concurs in the judgment only. Banke, J., concurs specially.*

Argued May 2, 1979 — Decided September 12, 1979 —

*Roy E. Barnes,* for appellant.
*Daryll Love, Anthony L. Cochran,* for appellee.

Banke, Judge, concurring specially.
1. I am constrained to concur fully in the judgment and in the court's opinion only because we are compelled to follow *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).
2. I find it difficult to believe the Supreme Court intended the dire consequences of its broad, sweeping language in *Howard v. Walker,* supra. The circumstances of some cases will render it impossible to have experts for both sides of an issue. Dr. Bondell, in this case, was a pathologist *employed* by Georgia Baptist Hospital to perform the autopsy. After the autopsy was performed and the deceased buried, an elementary question may be asked as to how the appellant could produce a contrary

expert opinion as now required by *Howard v. Walker,* supra. Justice Jordan, in his dissenting opinion, joined by Presiding Justice Undercofler, in *Howard v. Walker,* supra, said "The majority opinion has confused an area of law which had become settled by a long line of cases." While this area of law may have been confused by *Howard v. Walker,* supra, I think more importantly this decision frustrates the efforts of litigants who legitimately seek access to our courts. In my opinion whenever we favor one class of witnesses over another, our judicial system is in trouble. Following *Howard,* how soon will it be that we hear contentions that policemen or clergymen should be believed over common citizens? Hopefully, never. I do not believe that we discharge our constitutional duty fairly, or properly service our constituencies who depend on our guidance, when we favor one class of citizens over another. This is not equal justice under the law.