## 35860. PARKER v. KNIGHT.

MARSHALL, Justice.

Where the defendant in a medical malpractice suit files a motion for summary judgment, introducing his own affidavit as an expert witness in support thereof, and the plaintiff fails to oppose the defendant's motion for summary judgment by introducing her own expert evidence, should the defendant's motion for summary judgment be granted? In this case, the Court of Appeals held that under these circumstances the defendant-physician's motion for summary judgment should not be granted, because his testimony as an expert is insufficient to pierce the allegations of the plaintiff's pleadings. We disagree.

1. In *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978), we held that, "in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970); *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976)." "Summary judgment under Georgia law is a proceeding where one must present his case sufficiently to raise an issue of fact or risk judgment going against him. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974) and *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 779 (n. 1) (257 SE2d 186) (1979)." *Withrow Timber Co. v. Blackburn,* 244 Ga. 549, 552 (261 SE2d 361) (1979).

2. In medical malpractice cases, the plaintiff must produce expert testimony in order to prevail at trial, unless actionable negligence clearly appears from other evidence. *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552) (1957). (Actionable negligence does not appear from other evidence in this case.)

3. For the past 114 years, parties to a suit have not been incompetent to testify in their own behalf in this state. See Ga. L. 1866, pp. 138, 139, presently codified at

Code § 38-1603. Code § 38-1603 states that no person offered as a witness shall be excluded by reason of being a party, except as provided therein. The exceptions provided in Code § 38-1603 are intended to be exhaustive. *Lawson v. Prosser,* 146 Ga. 421 (1) (91 SE 469) (1917) and cits. Nowhere does Code § 38-1603 state that defendants in medical malpractice suits are incompetent to testify in their own behalf unless their testimony is corroborated. This is in essence what the Court of Appeals has held here, and we think that this holding flies in the face of Code § 38-1603.

We conclude that under *Howard v. Walker,* supra, the trial court was correct in granting the defendant's motion for summary judgment.

4. Where the plaintiff in a medical malpractice suit is unable to present the affidavit of an expert witness on motion for summary judgment, Code Ann. § 81A-156 (f) (CPA § 56 (f)) authorizes the plaintiff to execute an affidavit to this effect and the court may, among other things, order a continuance to permit affidavits to be obtained. See *Mead Corp. v. Masterack,* 243 Ga. 213 (253 SE2d 164) (1979).

In this case, the plaintiff did seek to invoke CPA § 56(f) by her attorney's filing an affidavit in which he avers that he has been unable to obtain an affidavit opposing the defendant's motion for summary judgment because he has been unable to secure the plaintiff's medical records from her former physician. However, this CPA § 56 (f) affidavit was not served on the defendant until the day of the summary judgment hearing and was, therefore, untimely under Code Ann. § 81A-156 (c), which requires affidavits in opposition to a motion for summary judgment to be served on the adverse party prior to the day of the hearing. Since this affidavit was not served in a timely fashion, we are unable to say that the trial court abused its discretion in refusing to delay the grant of the defendant's motion for summary judgment. See *Gunter v. Nat. City Bank,* 239 Ga. 496 (238 SE2d 48) (1977).

The judgment of the Court of Appeals, reversing the trial court's grant of the defendant's motion for summary judgment, is reversed.

*Judgment reversed. All the Justices concur, except*

*Undercofler, C. J., and Jordan, P. J., who dissent.*

ARGUED MARCH 10, 1980 — DECIDED MAY 1, 1980 — REHEARING DENIED MAY 20, 1980.

*Sidney L. Cottingham,* for appellant.
*Ben B. Mills, Jr.,* for appellee.

JORDAN, Presiding Justice, dissenting.

I would affirm the holding of the Court of Appeals that the defendant-physician's motion for summary judgment could not be granted on the basis of his expert testimony alone. See my dissent in *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).

I would return to the bedrock cases of *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393) (1969) and *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395) (1969) which clearly hold that summary judgment can *never* be granted on the basis of opinion evidence alone.

This is a majestic rule that should be followed.

I am authorized to state that Chief Justice Undercofler joins in this dissent.