## 59767. LARSON v. FRIEDMAN & SNYDER.

McMURRAY, Presiding Judge.

This is an action on an open account by a professional association of dentists against a patient and her husband for services rendered. The defendants answered, denying the allegation of indebtedness and contending that the services procured by the defendants from the plaintiff were not within the standard prevailing within the medical community for providers of such services so that the defendants were allegedly entitled to a setoff for expenses incurred for corrective dental services. The defendant Linda Larson also counterclaimed, alleging that the plaintiff in rendering said dental services to defendant Linda Larson failed to exercise the ordinary standard of care and diligence within the medical community, causing great pain and personal injury. Plaintiff amended its complaint, adding additional counts alleging that the "defendants' actions have been wanton, willful, and an attempt to utilize the process of this Court for a purpose other than for which it was designed," and that defendants had acted in bad faith, been stubbornly litigious, thereby entitling plaintiff to expenses of litigation, including attorney fees. Plaintiff sought actual damages, damages for "malicious abuse/use of process," punitive damages and attorney fees. Defendants denied the allegations of the additional counts of plaintiff's complaint.

Plaintiff filed its motion for summary judgment as to its complaint and defendant Linda Larson's counterclaim, filing in support thereof the affidavit of Dr. Larry Allen Snyder, the dentist who had rendered the dental services in question. Dr. Snyder's affidavit stated that the dental procedures performed were carried out in accordance with all reasonable standards of dental care.

The trial court denied summary judgment on plaintiff's complaint as amended and granted summary judgment in favor of the plaintiff and against defendant Linda Larson on her counterclaim. Defendant Linda Larson appeals, contending that the trial court erred in granting plaintiff's motion for summary judgment as to her counterclaim. *Held:*

No issue is here involved as to that portion of the trial court's order which denies plaintiff's motion for summary judgment on its complaint, as amended. Therefore, we make no ruling as to whether plaintiff may amend its complaint seeking actual damages, punitive damages and attorney fees for "malicious abuse/use of process," as this issue has not been raised in the present appeal.

In *Simons v. Conn,* 151 Ga. App. 525 (260 SE2d 402); *Knight v. Parker,* 152 Ga. App. 467 (263 SE2d 248), and *Golden v. Payne,* 152

Ga. App. 800 (264 SE2d 292), this court has previously held that where the defendant physician in a medical malpractice suit files a motion for summary judgment, introducing *only* his own affidavit as an expert witness in support thereof, and the plaintiff fails to oppose defendant's motion for summary judgment by introducing plaintiff's own expert evidence, the defendant's motion for summary judgment should be denied as defendant's affidavit alone is insufficient to pierce the allegations of the plaintiff's pleadings. This holding, predicated upon this court's interpretation of *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45), has been reversed in *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980) and reversed in *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980). Although the first division of *Simons v. Conn,* 151 Ga. App. 525 (1), supra, upon which defendant Linda Larson relies, was not specifically mentioned in these recent Supreme Court decisions, it must be viewed as having been implicitly disapproved. In *Parker v. Knight,* 245 Ga. 782 (2), supra, the Supreme Court held: "In medical malpractice cases, the plaintiff must produce expert testimony in order to prevail at trial, unless actionable negligence clearly appears from other negligence." It was further held in *Parker v. Knight,* 245 Ga. 782 (4), supra: "Where the plaintiff in a medical malpractice suit is unable to present the affidavit of an expert witness on motion for summary judgment, Code Ann. § 81A-156 (f) (CPA § 56 (f)) authorizes the plaintiff to execute an affidavit to this effect and the court may, among other things, order a continuance to permit affidavits to be obtained. See *Mead Corp. v. Masterack,* 243 Ga. 213 (253 SE2d 164) (1979)." In the case sub judice actionable negligence did not appear from other evidence in the case. Furthermore, the defendant has not filed a CPA § 56 (f) affidavit as a reason for the denial of the plaintiff's motion for summary judgment as to defendant's counterclaim.

Under the circumstances of the case sub judice, Dr. Snyder's affidavit is sufficient to pierce the allegation of defendant Linda Larson's counterclaims. The affidavit of Dr. Norris, filed in opposition to plaintiff's motion for summary judgment on the counterclaim, expresses no opinion as to the standard with which the dental procedures were carried out by Dr. Snyder. Consequently, Dr. Snyder's affidavit is not rebutted and it was not error to grant summary judgment to plaintiff on defendant Linda Larson's counterclaim. See *Howard v. Walker,* 242 Ga. 406, supra, and *Parker v. Knight,* 245 Ga. 782 (1), supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 16, 1980 — DECIDED
MAY 20, 1980.

*Daniel L. Britt, Jr.,* for appellant.
*Theodore Lee Marcus,* for appellee.