61414, 61415. COLE v. JORDAN et al. (two cases).

QUILLIAN, Chief Judge.

This is an appeal from a summary judgment.

Plaintiff-appellant Sheila Cole brought this action for medical malpractice against defendant-appellee Doctor Jordan, Norton Women's Clinic (a professional association of which Jordan was a member), and Floyd Medical Center. Her husband and co-appellant also sued for loss of consortium. The complaints alleged that Dr. Jordan was negligent in his treatment and examination of Mrs. Cole in failing to diagnose that she was pregnant, in performing an unauthorized abortion of the pregnancy, in administering her drugs which endangered the fetus, and in performing a surgical procedure which sterilized Mrs. Cole.

Appellees denied liability and moved for summary judgment on July 9, 1980. A hearing on the motion was scheduled for August 11 but appellants requested and obtained a continuance based on indigency until September 15 so that they could obtain affidavits of medical experts to oppose the motion. On September 15, prior to the hearing on the motion, appellants filed another motion for continuance in order to secure funds to pay for opposing expert medical opinion, and to file Dr. Jordan's deposition which had been taken on September 6 but had not yet been transcribed. In addition, an amendment to the complaints was filed adding a count 2 alleging that Mrs. Cole did not consent to the surgical procedures and that her consent thereto was obtained by fraud. Mrs. Cole's affidavit in opposition to the motion for summary judgment was also filed.

The trial court denied the motion for continuance, and, because appellants had not filed any evidence of medical experts opposing Dr. Jordan's own affidavit as a medical expert that he had not been negligent, granted appellees summary judgment on appellants' original complaints (count 1), from which this appeal is taken. *Held:*

1. Appellants' motion for diminution of the record to add their depositions is denied. See Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24).

2. Appellants claim the trial court erred in failing to grant the motion for continuance so that the deposition of Dr. Jordan could be transcribed and filed and because their indigency prevented them from securing opposing medical evidence.

Continuances are within the sound discretion of the trial court. Code Ann. § 81-1419 (Ga. L. 1851-2, p. 216); Code Ann. § 81A-156 (f) (Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759); *Calcutta Apts. v. Linden & Deutsch,* 131 Ga. App. 743 (1) (206 SE2d 559).

*Coaxum v. State,* 146 Ga. App. 370 (246 SE2d 403), cited as

authority that failing to grant a continuance to obtain a transcript is error, is factually distinguishable. It involved a criminal proceeding in which the defense counsel, after a year of repeated requests, had been unable to obtain a transcript of a prior trial from the court reporter.

Cases more applicable are *Register v. Kandlbinder,* 231 Ga. 786 (1) (204 SE2d 145) and *Shmunes v. General Motors Corp.,* 146 Ga. App. 486 (1) (246 SE2d 486), holding that trial courts did not abuse their discretion in denying continuances of summary judgment hearings, since the fault lay in the appellants' lack of diligence in obtaining evidence to oppose the motions, or that they had done essentially no discovery prior to the hearings.

Appellants here were likewise not diligent. They filed their complaints in January 1980. The motion for summary judgment was filed in July. The hearing scheduled for August 11 was delayed at appellants' request so that they could obtain evidence to oppose the motion. Their first discovery took place on September 6 when Dr. Jordan's deposition was taken. On September 12, three days before the hearing, they filed for discovery of documents from appellees. Under these circumstances we find no abuse of discretion in denial of a further continuance.

3. The trial court did not err in granting appellees' summary judgment on appellants' original complaints (count 1) alleging negligence.

The factual circumstances giving rise to these actions were that Mrs. Cole was referred by another physician to Dr. Jordan, whose practice was exclusively in obstetrics and gynecology, for complaints of pain in the lower abdomen. Upon talking with Mrs. Cole and examining her Dr. Jordan did not find any indication that she was pregnant, and suspected that she had a pelvic infection. He recommended a surgical procedure known as laparoscopy to determine what her problem was and performance of a hysterectomy to correct a problem if found. Mrs. Cole agreed and wanted to be sterilized if a hysterectomy was not necessary. A date for surgery was established and Mrs. Cole placed on an antibiotic in the interim. When admitted to the hospital, Dr. Jordan talked with appellants, and surgical and sterilization consents were signed. Prior to any surgical procedures in the operating room, Dr. Jordan examined Mrs. Cole and found no evidence of pregnancy which was consistent with her informing him that she had had regular menstrual periods. Dr. Jordan then performed a D & C (dilation and currettage) as a preliminary to a laparoscopy. During the course of the D & C he removed about 40 cc's of degenerated tissue which appeared to be products of conception. The laparoscopy followed and revealed

normal uninfected female organs. No hysterectomy was performed and Mrs. Cole was sterilized per her request. Dr. Jordan informed appellants of the apparent products of conception he had removed.

Dr. Jordan's affidavit in support of the motion for summary judgment covered what he had done in detail and gave his expert opinion that he had not been negligent and had exercised at least the degree of care ordinarily employed by members of the medical profession generally.

The controlling authorities are *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) and *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211), both of which held that the defendant physician in a malpractice suit could file his own affidavit that he had not negligently performed medical duties, and if the opposing party failed to produce a contrary expert medical opinion, the physician was entitled to prevail on his motion for summary judgment. With the same circumstances the same result is required in this case.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981.

*Marson G. Dunaway, Jr.,* for appellants.
*Wade Monk,* for appellees.