## 62620. RIDGE et al. v. ESPINOZA et al.

SHULMAN, Presiding Judge.

Appellants, husband and wife, brought a medical malpractice action against appellees, alleging that Dr. Espinoza negligently left a surgical sponge in Mrs. Ridge's abdomen when he performed surgery on her in 1973. Appellees answered the complaint and filed motions for summary judgment. The motions were based in part on Dr. Espinoza's affidavit in which he denied leaving a sponge in Mrs. Ridge, swore that the surgery he had performed was in a different part of the abdomen from that in which the sponge was found, and swore that he had seen the sponge in an x-ray in 1973 and had informed Mrs. Ridge of its presence. The affidavit also contains an averment that all the procedures performed on Mrs. Ridge were done with "that degree of learning, skill and diligence ordinarily possessed and exercised by competent medical doctors and general surgeons in the diagnosis, care and treatment of a patient exhibiting the history and physical findings exhibited by Ridge." The record also contained Mrs. Ridge's answers to interrogatories, in which she stated that she had undergone abdominal surgery on three occasions prior to the operation performed by Dr. Espinoza. The trial court granted the defendants' motions for summary judgment. We affirm.

Appellees submitted evidence in support of their motions which pierced appellants' pleadings and established their entitlement to judgment as a matter of law. The only response to appellees' showing was the submission of an affidavit in which Mrs. Ridge stated that Dr. Espinoza had not informed her of the presence of the sponge at the time of the surgery in 1973. Although there was clearly a question of fact on that issue, the trial court correctly noted that that issue was not material and would not prevent summary judgment. The only allegation of negligence asserted by appellants was that Dr. Espinoza had *placed* a sponge in Mrs. Ridge's abdomen and failed to remove it. Since appellees pierced appellants' pleadings on all material issues and appellants were unable to controvert appellees' evidence, it follows that summary judgment for appellees was properly granted. Code Ann. § 81A-156. *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 25, 1981 —
REHEARING DENIED DECEMBER 8, 1981 —

*Carl Fredericks, J. Lee Rose,* for appellants.

*Michael G. Frick, Robert H. Cleveland, Rush S. Smith, Jr., George W. Hart,* for appellees.