*William M. Phillips,* for appellants.
*A. W. Cain, Jr.,* for appellees.

64094. PHILLIPS v. CHEEK.

QUILLIAN, Chief Judge.

The plaintiff (appellee here) brought an action in the State Court of Gwinnett County against the defendant (appellant here). The complaint sought recovery of the sum of $201 for chiropractic services rendered by the plaintiff. The defendant answered, denying that the services were properly performed, and sought by counterclaim to recover for malpractice on the plaintiff's part.

The plaintiff moved for summary judgment based on his own affidavit which recited that the chiropractic services were performed in conformity with the general standard of skill and care of chiropractors in caring for a patient. The defendant filed an affidavit

in opposition by which he affirmed that he had been informed that the plaintiff had improperly diagnosed his symptoms and therefore for this reason: "I feel that the treatment accorded me did not meet the general standards of skill and care of chiropractice, in caring for a patient with my symptoms, and that the Plaintiff herein failed to meet the general standards of skill and care of his profession, and that these services performed were done so negligently to such a degree as to amount to medical malpractice."

The trial judge granted the plaintiff's motion for summary judgment and defendant appeals. *Held:*

It may now be taken as settled that " '(I)n those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant.' *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978). A physician moving for summary judgment in a medical malpractice case may rely on his own affidavit, submitted in his capacity as an expert, that he was not negligent; and to avoid summary judgment, the plaintiff must then produce expert testimony to the contrary. *Parker v. Knight,* 245 Ga. 782 (3) (267 SE2d 222) (1980)." *Hardinger v. Park,* 159 Ga. App. 729 (285 SE2d 212).

The question then arises whether expert testimony is required to establish chiropractic malpractice. We asked the question of the Supreme Court if the above rules "apply only to medical and legal malpractice cases, or does it apply to all types of professional malpractice cases as well as the use of expert testimony as to the value of real property?" *Savannah Valley &c. Assn. v. Cheek,* 248 Ga. 745 (288 SE2d 633). That Court responded: "the answer to Question One will depend upon whether or not a contention of fact is capable of proof *only* by expert testimony which, of course, would include medical and legal malpractice cases . . .," (Id. p. 747) citing *Shea v. Phillips,* 213 Ga. 269 (98 SE2d 552) which dealt with physicians and *Berman v. Rubin,* 138 Ga. App. 849 (227 SE2d 802), which dealt with lawyers but also discussed cases concerning a dentist, an architect and a pharmacist. The rationale developed from those two cases is that professional competence must be shown by professional testimony. That being true, we reach the solution to our problem.

Code Ann. § 84-501 (Code § 84-501; as amended through Ga. L. 1977, p. 232) defines "chiropractic" as a "learned profession." So characterized, chiropractic must be treated equally with the professions of law as in *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45)

and medicine as in *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222).

Hence, the trial judge properly found for the plaintiff since the defendant failed to meet the plaintiff's proof of competency with expert testimony to the contrary.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 25, 1982.

*Jeffrey R. Sliz, James L. Kraemer,* for appellant.
*Donn M. Peevy,* for appellee.