64878. DOBBS et al. v. COBB E.N.T. ASSOCIATES, P.C. et al.

BIRDSONG, Judge.
Medical Malpractice. Appellants instituted this action on April 8, 1981, against two treating physicians and the professional medical corporation for which the physicians were employed. The complaint alleged negligent performance of medical services and breach of contract for medical services arising from the physicians' treatment of appellant R. L. Dobbs for facial injuries sustained in May, 1977. This action is apparently identical to an action for the same cause instituted against the same parties in 1979 and voluntarily dismissed by appellants in October, 1980, during the pendency of a motion for summary judgment filed by the defendants therein. A companion action was also filed against only one of the physicians in the Superior Court of Fulton County on March 14, 1979. The latter action was voluntarily dismissed by the plaintiffs therein on August 14, 1979.

On January 4, 1982, the defendants moved for summary judgment in the present action. In support of their motion, defendants offered affidavits of both treating physicians in which they set forth the details concerning their treatment of appellant R. L. Dobbs, with each stating that all services were rendered with "that degree of care and skill which was customarily and ordinarily employed by physicians of my specialty not locally but generally in 1977" and that "at all times I exercised a reasonable and competent degree of medical care and skill on the patient's behalf, and at no time did I depart from a reasonable and competent degree of care and skill in my treatment of this patient." On February 16, 1982, the trial court entered an order granting summary judgment to one of the physicians. No appeal was taken from that order.

Appellants offered no evidence, by way of affidavit or otherwise, to rebut appellees' motion. Instead, on February 24, 1982, appellants noticed the depositions of both treating physicians for February 26, 1982. Appellees' motion was set for hearing on March 3. At that hearing, appellees' counsel stated that he informed appellants' counsel that the physicians would not be available for deposition on

February 26 but that he would make the physician who remained a party to the action available on the following day, which was reportedly not agreeable to appellants' counsel. There is no indication in the record that appellants' counsel attempted to go forward with the depositions on February 26. Instead, appellants filed a motion for continuance at the March 3 hearing. Appellants requested that the trial court invoke its discretion to postpone the hearing on appellees' motion until the depositions of the treating physicians could be accomplished. After hearing on both motions, the trial court denied appellants' motion to continue and granted appellees' motion for summary judgment based upon the unrebutted opinions of the physicians' stating that all services had been performed with a reasonable degree of care and skill.

1. We find no error in the trial court's denial of appellants' motion to continue. Such a decision rests within the sound discretion of the trial judge and will not be reversed on appeal absent palpable abuse of that discretion. Code Ann. §§ 81-1419; 81A-156(f); *Cole v. Jordan,* 158 Ga. App. 200 (279 SE2d 497). As in *Cole,* the facts of this case clearly demonstrate that the appellants were not diligent in obtaining the desired discovery, Code Ann. § 81-1416, and their failure to obtain that discovery did not entitle them to a continuance of the hearing on the motion for summary judgment.

2. Appellant attacks the court's decision to award summary judgment to appellees on the ground that application of the rule enunciated in *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45), and *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222), is unconstitutional in that it amounts to a denial of equal protection. The rule enunciated in those cases, and in numerous cases that have followed, see e. g., *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211); *Freeman v. Sreeram,* 161 Ga. App. 594 (289 SE2d 524), provides that "in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." *Howard v. Walker,* supra, p. 408. This rule, as applied to physicians, is premised on the well established principle that "expert medical evidence is required to establish negligence respecting the service a physician or a surgeon renders his patient . . . 'in the absence of expert testimony in behalf of the plaintiff in a malpractice case, the court is not justified in submitting the same to the jury.' " *Shea v. Phillips,* 213 Ga. 269, 271 (98 SE2d 552).

Appellants have provided no guidance or authority supporting

their position that the application of this principle to summary judgment efforts in malpractice cases amounts to a denial of equal protection. As is demonstrated by the long line of authority from both this court and the Supreme Court upholding and applying the rule enunciated in *Howard v. Walker,* supra, appellants' enumeration of error on this ground is wholly without merit.

3. Equally without merit is appellants' argument that this case falls within that class of cases in which expert opinion is not required to support a jury finding of negligence on the part of the physician. "[W]here the result of medical treatment is so pronounced as to become apparent, as where a leg or limb which has been broken is shorter than the other after such treatment, or where a doctor undertakes to stitch a wound on his patient's cheek, and, by an awkward move, thrusts his needle into the patient's eye, this fact may be testified to by anyone competent to testify; and cases of such character are the only exception in this jurisdiction to the general rule requiring expert medical testimony to show negligence respecting a physician's or surgeon's service to his patient." *Shea v. Phillips,* supra, p. 271-272.

This is not a case, however, "where actionable negligence clearly appears from the evidence." *Lindsey v. Central Anesthesia Assoc.,* 161 Ga. App. 214, 215 (288 SE2d 292). The affidavits of the treating physicians establish that appellant sustained in an accident a fractured nose with severe nose bleed. A surgical procedure described as a "right Caldwell-Luc procedure with ligation of the internal maxillary artery" was performed several days after the accident. It is not patently clear how the physicians failed to exercise ordinary care in the treatment of Mr. Dobbs or how his blindness in one eye could have resulted from such negligence, if any. The trial court could not submit to the jury appellants' allegation of actionable breach of the duty of care owed by physician to patient without appellants' production of expert testimony to support such allegation. Accordingly, as appellees had pierced all material allegations of the complaint and established the requisite skill and care in the treatment of Mr. Dobbs, Code Ann. § 84-924; *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375), the trial court properly granted appellees' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., concurs. Banke, J., concurs specially.*

DECIDED JANUARY 7, 1983 —
REHEARING DENIED JANUARY 28, 1983 — ▬▬▬▬▬▬

*Carl P. Fredericks,* for appellants.

*Robert G. Tanner,* for appellees.

BANKE, Judge, concurring specially.

1. I must concur in this case only because I am compelled to follow *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978), until such time as it is overruled.

2. My view of this evidentiary concept is related in my special concurrence in *Self v. Executive Committee of Ga. Baptist Convention,* 151 Ga. App. 298 (259 SE2d 695) (1979), and as set forth in the scholarly dissenting opinion of Justice Jordan, joined by Justice Undercofler in *Howard,* supra. Further, it is worth noting that Chief Justice Nichols in his special concurrence also did not embrace the new-found rule on opinion evidence. It is most disturbing to the bench and bar to have mere theoretical law uproot an area of law that has been well settled and has served well for more than 185 years — especially when there is no need to do so. This is a classic example of a violation of the oft repeated old saw: If it's not broken, don't fix it.

3. When the wholesale inequities of the new-found rule are brought to mind, it is interesting to note that it has not yet faced a direct constitutional challenge in the Supreme Court of Georgia or the federal courts.