67317. JONES v. FINLEY et al.

SHULMAN, Presiding Judge.

Appellant suffered an ankle injury while on the job and received treatment for an ankle sprain at a hospital emergency room and at appellee McGraw Industrial Clinic, P.C. After discovering that he had suffered a fractured ankle rather than a sprain, appellant filed suit against the hospital radiologist, the clinic, and one of the clinic's physicians. He now appeals from the grant of summary judgment to the doctors.

In his complaint, appellant alleged that the radiologist, Dr. Finley, had been negligent in reading and interpreting x-rays taken of appellant's ankle on the day of the injury, November 11, 1980. He contended that Dr. McGraw, the clinical physician who treated him for several weeks, negligently failed to recognize the existence of an ankle fracture and therefore negligently treated him. The doctors supported their motions for summary judgment with affidavits in which each physician averred that he had exercised that degree of care and skill exercised by members in good standing of the medical profession generally under similar conditions and like surrounding circumstances. In light of that evidence, appellant was required to present expert medical evidence establishing negligence on the part of the appellees or suffer the entry of summary judgment for the doctors. *Jackson v. Gershon,* 251 Ga. 577 (308 SE2d 164); *Dobbs v. Cobb E.N.T. Assoc.,* 165 Ga. App. 238 (2) (299 SE2d 141). In an attempt to carry this evidentiary burden, appellant submitted the depositions of two orthopedic specialists, Drs. Broome and Jove. After reviewing the various affidavits and depositions, the trial court concluded that appellant had not introduced sufficient evidence as to whether appellees had failed to exercise the appropriate degree of skill and care in their

diagnosis of appellant's condition and, accordingly, summary judgment was awarded the physicians.

1. This case revolves around the interpretations which the physicians gave to various sets of x-rays taken of appellant's ankle. Dr. Finley, who never saw appellant, examined the x-rays taken on November 11, 1980, and concluded that "no fracture can be identified." Six days later, more x-rays were taken at the clinic and a sprain was diagnosed. Dr. McGraw reviewed the November 17 x-rays on November 24, observing that the films were negative for fractures. Additional x-rays were taken and reviewed at the clinic on December 12, and no fracture was seen. When the patient was still experiencing pain and swelling in late December 1980, Dr. McGraw gave him the clinic's x-rays and referred him to Dr. Broome, an orthopedic specialist, who saw appellant on January 5, 1981. Upon reviewing the x-rays taken at the clinic, Dr. Broome noticed "a questionable osteochondral fracture" in the ankle, ordered additional x-rays, and discovered that "indeed there is a large osteochondral fragment with some displacement." He then diagnosed appellant as suffering from an osteochondral fracture of the left talus. The clinic's x-rays and those taken by Dr. Broome have since been misplaced.

Appellant was next seen by Dr. Jove, an orthopedist, who after reviewing Dr. Broome's x-rays, agreed with the diagnosis of osteochondral fracture of the left talus. Sophisticated x-rays (tomogram studies) were taken, but no fracture lines were demonstrated. Additional tomogram studies were taken which revealed the area of osteochondritis dissecans. Appellant subsequently underwent surgery to aid the healing process.

The pertinent questions framed by this appeal are: Was Dr. Finley negligent in failing to observe a fracture in the November 11 films? Was Dr. McGraw negligent in failing to observe a fracture in the x-rays taken at the clinic on November 17 and December 12? After reviewing the depositions of appellant's experts, we conclude that neither presents evidence establishing negligence on the part of either doctor and, accordingly, we affirm the judgment of the trial court.

As one might expect, much of the deposition testimony of Drs. Broome and Jove is concerned with whether the hospital and clinical x-rays show a fracture. In his answers, Dr. Broome constantly reminded the attorneys that his observations were colored by knowledge he gained subsequent to the taking of the x-rays in question. He testified that he was more skeptical and extremely suspicious when he initially viewed the McGraw x-rays on January 5, because the patient was, at that time, two months post-injury. He stated that he had observed the "extremely discrete" fracture in the November 11 films when he viewed them in October 1981, because the knowledge he had gained made it easier to see what he was looking

for. He commented that seeing only the November 11 films, he would not have been sure he was dealing with a fracture and would have taken more x-rays. He further noted, reviewing the November 11 films, that the films did not show the fracture as clearly as the lost films he had taken, which made him less confident in his statements. At no time in his deposition did Dr. Broome state that either doctor was negligent in failing to see the fracture. While he did comment that he would have obtained additional x-rays had he had only the November 11 films, professional negligence is "not a question of what one individual doctor thought was advisable." *Mayo v. McClung*, 83 Ga. App. 548 (2a) (64 SE2d 330); *Wagner v. Timms*, 158 Ga. App. 538, 539 (281 SE2d 295).

In his deposition, Dr. Jove admitted that it was possible for a physician exercising that degree of skill and care exercised by physicians in the medical profession generally to overlook a fracture on an x-ray which subsequently could be spotted by one who is aware of the post x-ray history of the case. He stated that his diagnosis of a fracture was based upon Dr. Broome's diagnosis and x-rays, and added that had he seen appellant without the benefit of the diagnoses of others, he could have misdiagnosed the problem "because that happens." When he was given the November 11 films to observe, he noted that his knowledge of the history of the case caused him to look at the area of the x-ray where he knew there was a problem, and he could see the faint radiolucency which apparently signified the fracture.

Thus, Dr. Jove stated that a doctor could miss a fracture of this type while reading an x-ray and not be negligent. Both Dr. Jove and Dr. Broome based their ability to see the fracture in the x-rays on the fact that they were aware of the patient's history subsequent to the taking of the x-rays. " '[I]n a medical malpractice action, a defendant cannot be found negligent on the basis of an assessment of a patient's condition which only later, or in hindsight, proved to be incorrect, as long as the initial assessment was made in accordance with the then reasonable standards of medical care. In other words . . . the concept of negligence does not encompass hindsight.' " *Haynes v. Hoffman*, 164 Ga. App. 236 (3) (296 SE2d 216).

2. In his complaint, appellant also alleged that appellee McGraw negligently treated his ankle. It should be noted that Dr. McGraw treated the ankle according to his diagnosis of a sprain. Neither Dr. Jove nor Dr. Broome stated that Dr. McGraw's method of treatment for the "sprained" ankle was negligent; therefore, summary judgment in favor of Dr. McGraw was appropriate. *Dobbs v. Cobb E.N.T. Assoc.*, supra.

3. Contrary to appellant's assertion, the Supreme Court's decision in *Jackson v. Gershon*, supra, is not reason for us to alter our

conclusion that appellant's experts failed to establish that appellees had been negligent in their diagnoses of appellant's ailment. In *Jackson*, the plaintiff's expert disapproved of the defendant's use of a certain procedure before conservative measures were attempted and noted that "standard practice" called for the conservative measures. When specifically asked if the defendant had exercised ordinary care, the expert could not respond affirmatively. "[T]here was expert testimony . . . which was not inconsistent with plaintiff's contention that defendant failed to exercise the requisite professional care, skill, and diligence." Id. p. 580. Inasmuch as there was no such testimony in the case at bar, summary judgment was appropriately granted the physicians.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*William L. Skinner*, for appellant.
*Rush S. Smith, Jr.*, for appellees.