68333. STEWART v. PALMYRA PARK HOSPITAL et al.

BANKE, Presiding Judge.
This is a malpractice action against Palmyra Park Hospital, two unnamed nurses, and William D. Lowery, Jr., a physician. The plaintiff alleges that the defendants were negligent in allowing him to attempt to walk without assistance only a day or two following his surgery for the removal of a herniated disc and that as a result of such negligence, he fell and injured his back. The defendants deny either that they were negligent or that the plaintiff was injured as a result of the fall. The trial court granted summary judgment to the defendants, and the plaintiff appeals.

In support of his motion for summary judgment, Dr. Lowery submitted his own affidavit, as follows: "After the fall, affiant examined [the plaintiff] and found that no damage had been done to him by the fall he had experienced . . . . His dismissal [from the hospital] was in no way delayed because of the fall he experienced nor did any physical damage attributable to the fall appear during the course of his hospitalization and prior to his dismissal, or subsequently during the entire period affiant saw [him] as a patient." Dr. Lowery's opinion was supported by the affidavit of another physician, who, after examining the plaintiff during the course of a subsequent hospitalization for a myelogram, concluded that "the continuing problem with the plaintiff's back is a result of scarring which would not have been caused by such a fall but is directly a result of the delay in excising the original herniated disc combined with normal scarring which always results from surgery."

The plaintiff offered no contrary expert opinion evidence in opposition to the motion for summary judgment but relied on the following alleged admission made by Dr. Lowery in a letter written sev-

eral weeks after the fall occurred: "[The plaintiff] was relieved of some of his pain after surgery but while he was in the hospital he fell. His pain got worse then." *Held*:

Even assuming arguendo that the plaintiff is correct in his contention that the alleged negligence in this case is of the type which may be proved without recourse to expert medical testimony, we conclude that expert medical testimony would be necessary, under the circumstances, to prove that any injury resulted from the fall. Where the plaintiff in a professional malpractice action would be required to produce an expert's opinion in order to prevail at trial, and the defendant produces a favorable expert's opinion on motion for summary judgment, the plaintiff must produce contrary expert opinion in opposition to the motion, or else there is no genuine issue to be tried by the jury, and it is not error to grant summary judgment to the defendant. *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978); *Parker v. Knight*, 245 Ga. 782 (1) (267 SE2d 222) (1980); *Savannah Valley &c. Assn. v. Cheek*, 248 Ga. 745, 746 (285 SE2d 689) (1982). We do not construe Dr. Lowery's statement that the plaintiff experienced more pain after the fall as being in conflict with his opinion that the fall did not result in any injury. It follows that the trial court did not err in granting summary judgment to the defendants.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JULY 3, 1984.

*James Finkelstein*, for appellant.
*G. Stuart Watson, Perry A. Duggar, Dawn Benson*, for appellees.