### 74342. POSS v. CALLAWAY et al.
(363 SE2d 782)

CARLEY, Judge.

Appellees-defendants in this medical malpractice action are Dr. E. Jordan Callaway and his physician's assistant, Mr. Randy Riner. Appellant-plaintiff's complaint alleged appellees' negligence and negligence per se in failing to diagnose and to treat his appendicitis. Appellees answered and subsequently moved for summary judgment, supporting their motion with their own affidavits. As to the negligence claim, the trial court granted appellees' motion, finding that appellant had failed to introduce expert testimony sufficient to counter appellees' affidavits. As to the negligence per se claim, the trial court also granted appellees' motion, finding no evidence that any asserted act of appellees' negligence per se was the proximate cause of the alleged misdiagnosis and improper treatment and, therefore, of appellant's injury. Appellant appeals from the order granting summary judgment in favor of appellees.

1. Construing the evidence most strongly for appellant would show the following: Upon discovering that his regular physician was unavailable, appellant went to appellees' office on a Friday afternoon, expressing complaints of abdominal pain and a belief that he had appendicitis. Appellant, who had never been to appellees' office before, was seen only by appellee Riner, the physician's assistant. Appellee Riner examined appellant and diagnosed him as suffering from

epididymitis. Appellee Riner then gave appellant a prescription, filling in a blank form which had been pre-signed by appellee Dr. Callaway. At no point did appellee Riner ever inform appellant that he was not a physician and he never left the examining room or consulted with appellee Dr. Callaway about appellant's case. Appellant believed that appellee Riner was appellee Dr. Callaway. Appellant was told by appellee Riner that he could expect to feel worse before feeling better, but that he would be able to return to work on Monday. Appellant did feel considerably worse during the weekend. When appellant felt no better on Monday, he went to another doctor, who diagnosed appellant as suffering from probable appendicitis, and possibly a ruptured appendix. Appellant was referred to a surgeon. The surgeon operated and found that appellant did have a ruptured appendix and a severe infection.

The initial affidavit that was filed by appellee Dr. Callaway in support of the motion for summary judgment stated that he had, at all times in the treatment of appellant, acted in compliance with the applicable standard of care for physicians. The affidavit that was filed by appellee Riner stated that he had, at all times in the treatment of appellant, acted in compliance with the applicable standard of care for physician's assistants. However "[n]either affiant limited his . . . averments merely to that conclusory expert opinion. Each affiant also stated the factual basis upon which the opinion of non-negligence was based: Both opinions were premised upon additional factual averments that [appellee Riner had consulted with appellee Dr. Callaway as to the diagnosis of appellant's condition, that appellee Dr. Callaway had concurred in the diagnosis of epididymitis, and that appellee Dr. Callaway then signed a prescription]." *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 203 (2) (345 SE2d 904) (1986). "Thus, implicit in . . . [appellees'] *own* [affidavits] is the proposition that the [diagnosis and treatment of a patient by a physician and his assistant] other than in the [manner described] would be a deviation from the applicable standard of care. [Cit.]" (Emphasis in original.) *Cherokee County Hosp. Auth. v. Beaver*, supra at 203 (2). However, as previously indicated, the factual basis upon which appellees based their opinions differed markedly from the facts as shown in appellant's evidence. According to appellant's evidence, there had been no consultation between the appellees as to the diagnosis and the prescription given to him by appellee Riner had been pre-signed by appellee Dr. Callaway. Thus, under appellant's evidence, appellees had not conformed to the standard that they themselves had, as experts, indicated was applicable under the circumstances. "There is a difference between expert testimony on the one hand and testimony that happens to be given by an expert on the other. [Cit.] The requirement that expert testimony be adduced in a medical malpractice

case is premised upon the existence in such a case of 'medical questions' which control its resolution. [Cits.] . . . [E]xpert testimony [by appellees] in the instant case having established [what] . . . *would* be a deviation from that applicable objective standard of care . . . , there is no reason to believe that *only* experts would be further qualified to [show that appellant had not been afforded that standard of care]." (Emphasis in original.) *Cherokee County Hosp. Auth. v. Beaver,* supra at 204 (2). "On the record before us, it is for the jury to determine whether more credit is to be given to the [appellees' evidence] than to [appellant's]. ' "Where a question of credibility arises as to a material issue, summary judgment should not be granted. [Cits.]" [Cit.]' [Cit.]" *Cherokee County Hosp. Auth. v. Beaver,* supra at 205 (2).

Were the evidence to be construed most strongly for appellees, then their affidavits would be sufficient to mandate summary judgment in their favor. However, on this motion for summary judgment, the evidence must be construed most strongly in favor of appellant as the non-movant. Construing the evidence most favorably for appellant, appellees' conduct did not comport with the standard which their own testimony implicitly showed to be applicable. Accordingly, the the trial court erred in granting summary judgment in favor of appellees.

2. With regard to the proximate cause issue, appellee Dr. Callaway did file a subsequent affidavit wherein he opined that "no act or omission on [appellee] Mr. [Riner's] part caused or contributed in causing any injury or damage allegedly sustained by [appellant]." Appellee Dr. Callaway did not, however, offer an opinion as to what he did consider the proximate cause of appellant's injuries to be. Compare *Stewart v. Palmyra Park Hosp.,* 171 Ga. App. 477 (320 SE2d 262) (1984); *McClure v. Clayton County Hosp. Auth.,* 176 Ga. App. 414, 418 (4) (336 SE2d 268) (1985); *Kirby v. Spivey,* 167 Ga. App. 751, 755 (3) (307 SE2d 538) (1983). A close reading of appellee Dr. Callaway's subsequent affidavit reveals why he offered only a negative opinion as to the issue of proximate cause. Appellee Dr. Callaway's subsequent affidavit makes it clear that its intent was only "to supplement" his previous affidavit. As indicated, it was in his previous affidavit that appellee Dr. Callaway had given his version of the factual circumstances surrounding the diagnosis and treatment of appellant and the opinion that those factual circumstances evinced no deviation from the applicable standard of care. It is thus clear that, by his subsequent supplementary affidavit, appellee Dr. Callaway is merely opining that no act or omission on the part of appellee Riner caused appellant's injury or damage because, in the first instance, appellee Riner's acts and omissions were not negligent. However, as discussed in Division 1, there still remain genuine issues of material fact

as to the circumstances surrounding appellant's visit to appellees' office and thus as to whether appellant was subjected to a negligent diagnosis and treatment by appellees. Appellee Dr. Callaway's subsequent affidavit "did not express an opinion that, even if [the circumstances surrounding appellant's diagnosis and treatment had been as appellant's evidence showed, his subsequent suffering of a ruptured appendix and infection] was nonetheless attributable to causal factors other than [his visit to appellees' office]. [Cits.] Since [appellees'] expert medical evidence was not sufficient to eliminate the [visit to appellees' office] as a cause of [appellant's subsequent] physical condition, it was not incumbent upon [him], as the non-moving [party], to produce expert testimony showing ' "that the injury complained of proximately resulted from . . . want of care or skill" ' in the [diagnosis and treatment afforded him]. [Cit.]" *Cherokee County Hosp. Auth. v. Beaver*, supra at 206 (3). It follows that the trial court erred in granting summary judgment in favor of appellees based upon the proximate cause issue.

*Judgments reversed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 11, 1987 — ■■■■■■■■

*James Lee Ford*, for appellant.
*Sidney F. Wheeler, Arnold E. Gardner, Robert D. Roll*, for appellees.