EIDSON *et al. v.* MADDOX.

No. 14433. MARCH 10, 1943. REHEARING DENIED MARCH 24, 1943.

**642**

*Martin, Martin & Snow,* for plaintiffs in error.

*A. H. Gray* and *Neely, Marshall & Greene,* contra.

GRICE, Justice. Having been sued as joint tort-feasors, judgments were taken against both plaintiffs in error and defendant in error, which were discharged by the former paying half and the latter half. In another suit the defendant in error sought to recover from the others damages sustained in the same occurrence which brought about the first action. A plea denying liability was filed, to which an amendment in two counts was offered, which in effect sought contribution, its averments setting up that in the matter which brought about the judgments against them jointly, and which were paid off in the manner and in the proportions stated above, the negligence of Maddox was greatly in excess of that of his codefendants, whose negligence was at most merely passive. The proffered amendment was stricken. From such a state of facts arises the controlling question whether the plaintiffs in error were, in the equitable amendment to their plea, entitled to contribution from the defendant in error.

The common-law doctrine is that the right of contribution is

denied in actions ex delicto. In *Southern Railway Co.* v. *Rome,* 179 *Ga.* 449 (176 S. E. 7), it was held that its repeal was brought about by our Code, § 37-303, viz.: "In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction." In the suits in which all parties now before the court were made defendants, separate acts of negligence were charged against Maddox· from those alleged against Eidson and Daniel. They were suits to recover damages from personal injuries, and therefore section 105-2011 of the Code, which provides that where several trespassers are sued jointly, the jury may in their verdict specify the particular damages to be recovered of each, has no application. The verdicts established the fact that all the defendants were liable. These were necessarily each for one. amount against the three who were sued. If the jury found the defendants liable, as they did, they were not authorized to return a verdict for different amounts against the respective defendants, even if they should find that the negligence of one was greater than the negligence of another. *Gazaway* v. *Nicholson,* 190 *Ga.* 345 (9 S. E. 2d, 154). Since in the children's suits Eidson and Daniel had no opportunity to have apportioned the amount of negligence as between them and the other defendant, they insist that equity will now afford them a forum to stage such a contest, and to award them the relief which they pray, to wit, contribution. Their counsel cite the Code, § 37-112, as follows: "When both parties are at fault, and equally so, equity will not interfere, but will leave them where it finds them. The rule is otherwise if the fault of one overbalances, decidedly, that of the other." "'*Ex turpi causa actio non oritur*' [no disgraceful matter can ground an action] and '*in pari delicto melior est conditio defendentis*' [where both parties are equally at fault, the condition of the possessor (or defendant) is best] are maxims long established and constantly acted upon both by courts of law and equity. One is simply the complement of the other, and the principle of both is embodied in our Code, § 3093" (§ 37-112). *Fouché* v. *Brower,* 74 *Ga.* 251, 267. This section confers no rights. It merely deals with a situation where

and the time when equity will interpose a limitation on the exercise of its powers, and furnishes no fulcrum to the plaintiffs in error in the assertion of their claim.

It is insisted, however, that the Code, § 37-303, quoted above, confers such right. The section was not of statutory origin, having been placed in the Code of 1863, § 3065, by the codifiers. It undertakes to do no more than declare a general principle stated in 13 Am. Jur. 6, § 3, as follows: "The principle of contribution is equality in bearing a common burden. The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares." In 18 C. J. S. 2, it is said: "Contribution has been defined to be a payment made by each or by any of several having a common interest of liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. It is the right of one who has discharged a common liability or burden to recover of another also liable the aliquot portion which he ought to pay or bear."

It will not be disputed that all who join in the commission of a wrong resulting in injury are jointly and severally liable for the entire damage sustained, without regard to the degree of culpability of each. 62 C. J. 1131, 1136, §§ 44, 49. It is argued, however, that this principle relates only to the duty owing the injured party; and that it can not be applied in the instant case, because under the stricken amendment it was shown that as between the original wrong-doers, Maddox's negligence greatly preponderated. The answer to this argument, it seems to us, is that regardless of whose negligence preponderated, when the joinder of both produced the injury, the liability became equal. "It is, and has long been, a generally recognized rule that there is no line of separation between the liability of joint tort-feasors. The tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort. The liability of one can not be carried into any portion of the joint tort that is not followed by an equal liability of the other tort-feasor." 26 R. C. L. 763, § 13.

Before the right of contribution arises, one must have paid more than his share of a common burden which all were equally bound to bear, which arose in a case where the liability was joint, joint and several, or several. The suits here involved were joint suits, the liabilities asserted were joint, and the recoveries were against them jointly. They were equally bound to bear the common burden, which was the result of their concurring negligence. The burden was no less joint because the negligence of the several defendants may have been different in kind or degree. What they had to bear was the joint liability of their joint negligence. It was as much a burden to one as to the other. They were equally liable to the plaintiffs and equally bound to discharge the several judgments. To state it another way: By reason of their being joint tort-feasors, a common burden was placed upon them, to wit, the discharge of the liability of both defendants which had been reduced to judgment. It is alleged in the amendment that Eidson and Daniel paid fifty per cent. of the amount of the judgments, and that Maddox has done likewise. This is not an allegation that Eidson and Daniel have paid more than their share, although it is averred that in the occurrence that gave rise to the judgments the negligence of Maddox far exceeded that of the others.

In *Southern Railway Co.* v. *Rome,* supra, it appeared that Mrs. Autry had sued both the railway company and the city for damages on account of the death of her son by alleged joint acts of negligence of the two defendants. She recovered against both jointly. The railway company paid the entire amount of the judgment, and brought suit against the city to recover contribution, praying for judgment for half of the amount it had paid as above. This court held that the railway was entitled to recover. Here the other defendant has paid half of it. There, the railway had already paid more than its share, which clearly distinguishes that case from the one at bar.

If, under the circumstances that brought about the injuries that resulted in the judgments against all the parties hereto, there ever was a time when plaintiffs in error could have sought contribution—a question which under the facts of this record is not for decision,—it was too late to assert such contention after the judgments were paid off in the manner and in the proportion stated above.          *Judgment affirmed.   All the Justices concur.*