## 38095. SAVANNAH VALLEY PRODUCTION CREDIT ASSOCIATION v. CHEEK.

Weltner, Justice.

We have received from the Georgia Court of Appeals the following certified questions:

"This case involves the grant of summary judgment based upon expert opinion testimony, as well as the record on appeal to the superior court from a probate court after which a motion for summary judgment was filed and granted.

"1. Does the rule as expressed in such cases as *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (a 4/1/2 decision); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (a 5/2 decision); and *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (a 5/2 decision), as to summary judgment based upon expert testimony apply only to medical and legal malpractice cases, or does it apply to all types of professional malpractice cases as well as the use of expert testimony as to the value of real property?

"2. Does the rule apply to all situations where expert opinion is used in summary judgment cases?

"3. Please advise whether or not the rule in *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395), and such progeny, to the effect that opinion testimony may not be used to support summary judgment, are still valid or have they been modified so as to apply only to 'non-expert opinion cases?' See *Howard v. Walker,* 242 Ga. 406, 408, supra. Please note that the rulings in these cases (*Ginn* and *Harrison,* supra) are based upon the fact that in opinion evidence cases, 'the captains of decisions as to credibility of witnesses' are the members of the jury, and they 'must decide the case.'

"4. Where in a summary judgment proceeding evidence is presented to prove an issue which may be based upon non-expert opinion testimony and/or expert opinion testimony, in the event expert opinion testimony is used, then in that event, will the opposing

party in summary judgment be required to produce expert opinion testimony to controvert said expert opinion testimony, or may non-expert opinion testimony be used to controvert expert opinion testimony?"

Most of these questions may be resolved by reference to our opinion in *Howard v. Walker,* supra:

"The seminal case in Georgia regarding opinion evidence in summary judgment cases was *Ginn v. Morgan,* 255 Ga. 192 (2) (167 SE2d 393) (1969). In that case of first impression the court said (225 Ga. at 193-194): 'Thus, we reach the solid conclusion that a summary judgment can never issue based solely upon opinion evidence.' However, that case involved opinion evidence by nonexpert witnesses as to the value of land and the mental competency of the seller. That decision did not consider the differences between cases in which opinions of nonexperts are admissible (as there) versus cases in which only opinions of experts are admissible (as here), and it did not consider differences between cases in which expert opinions are admissible but not essential (as there) versus cases in which at least one expert's opinion is mandatory (as here). In other words, *Ginn v. Morgan,* supra, was not the type of case in which the plaintiff must produce expert opinion testimony in order to be entitled to have the case considered by a jury and to that extent it was dicta.

"In the case now before us, in order for the plaintiff to recover he must produce opinion testimony of an expert witness. *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976).

"Although not required to do so at trial, the defendant here has produced an expert's opinion in support of his motion for summary judgment. The plaintiff, although required at a minimum to produce a contrary expert opinion at trial in order to prevail, produced no contrary opinion in opposition to the motion for summary judgment. In a case such as this there is no genuine issue to be resolved by a jury.

"We hold that in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970); *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976).

"*Ginn v. Morgan,* supra, and its progeny continue to be correct insofar as nonexpert opinion cases are concerned and insofar as motions for summary judgment in favor of plaintiffs are concerned." *Howard v. Walker,* supra, 242 Ga. at 407.

The principles enunciated in *Howard* are applied consistently in

*Parker v. Knight,* supra, and *Payne v. Golden,* supra.

Hence, the answer to Question One will depend upon whether or not a contention of fact is capable of proof *only* by expert testimony which, of course, would include medical and legal malpractice cases. *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552) (1957); *Berman v. Rubin,* supra.

Because the value of real property may be established both by expert opinion evidence and otherwise, matters relative to the establishing of such value are without the rule, and are governed by the principles of *Harrison v. Tuggle,* supra, 225 Ga. at 212. "An expert may give his opinion merely because he is an expert (Code § 38-1710), and any witness may give his opinion if he testifies to the facts on which such opinion is based (Code § 38-1708), but in no case where the facts are before the trior of facts can it be said that a judgment is demanded as a matter of law based upon the opinions expressed, for the trior of facts may arrive at a different conclusion based upon the evidence introduced and is not bound by the opinion testimony."

*Harrison* fails to address the requirement that a plaintiff may not establish a variance from the standard of care in medical or legal malpractice cases without expert opinion testimony from which the jury could determine malpractice. This latter requirement is properly a *prerequisite* for the submission of a case to the jury. (Note the narrow exception in the second division of *Shea v. Phillips,* supra, 213 Ga. at 271.) Correctly perceived, our holdings approving grant of summary judgment do *not* mean that a defendant has established without genuine issue of fact a proper standard of care, but that the plaintiff has not demonstrated the capacity upon the trial of the case to meet the prerequisite of expert testimony required in malpractice cases. Thus, faced with expert medical testimony to the contrary, that inability demands summary judgment against him.

Accordingly, Question Two is answered in the negative.

Question Three is answered as follows: *Ginn v. Morgan,* supra, and *Harrison v. Tuggle,* supra, have been modified by *Howard v. Walker,* supra, only to the extent discussed in our address to Question One.

Question Four is answered in the affirmative only as to those instances wherein a plaintiff is required to establish an essential element of his case by expert opinion testimony, and in the negative as to all other instances.[1]

---

[1] Attention is invited to our recent opinion in *Tony v. Pollard,* 248 Ga. 86 (281 SE2d 557) (1981), where we upheld the grant of a motion for summary judgment in a will contest, the caveat being based upon alleged undue influence. "In Georgia, the

*Certified questions answered as stated in the above opinion. All the Justices concur, except Jordan, C. J., and Smith, J., who concur in the judgment only.*

DECIDED JANUARY 6, 1982.

*Robert D. Matthews,* for appellant.
*Joseph S. Skelton, Walter E. Leggett, Jr.,* for appellee.

---

burden, in the first instance, is on the propounder of the alleged will to make out a prima facie case by showing the factum of the will — that is, its due execution — and that at the time of its execution the testator apparently had sufficient mental capacity to make it. Once the propounder establishes a prima facie case, the burden of proof shifts to the caveator." *Johnson v. Dodgen,* 244 Ga. 422, 424 (260 SE2d 332) (1979). The burden of the caveator to present a genuine issue of fact as to undue influence is analogous to the burden of one who complains of malpractice.