70497. AMERICAN CYANAMID COMPANY v. ALLRID et al.
(338 SE2d 14)

SOGNIER, Judge.

Suit was brought by Julie Allrid, individually and as executrix of the Estate of James Allrid, against American Cyanamid Company seeking damages for the injuries and death of her decedent which allegedly resulted from the injection of the drug "Thorotrast" into the decedent while he was a patient at Emory University in February 1956. This is the second appearance of this case before this court. See *Allrid v. Emory Univ.*, 166 Ga. App. 130 (303 SE2d 486) (1983). American Cyanamid submitted requests for admissions to Allrid which defined "the Thorotrast" as "all Thorotrast, if any, that was allegedly injected into [the decedent] at any time, including but not limited to, during February, 1956." American Cyanamid's Request No. 12 stated: "Plaintiff's evidence shows that it is more likely than not that 'the Thorotrast' was first manufactured and then distributed to Emory University prior to November 1953." Allrid's response was "Admitted." It is uncontroverted that American Cyanamid purchased the division of Heyden Chemical Corporation which manufactured and distributed Thorotrast on December 1, 1953. American Cyanamid moved for summary judgment solely on the basis of Allrid's response to the request for admissions. The motion was denied by the trial court and we granted American Cyanamid's application for interlocutory appeal.

Appellant contends the trial court erred by denying its motion for summary judgment because it was entitled to judgment as a matter of law on the basis that appellee's answer precludes her from presenting evidence showing the Thorotrast was manufactured and distributed after November 1953. We recognize that an answer to a request for admissions is a judicial admission conclusive on the party making the admission (in the absence of an order permitting the party to withdraw or amend the admission, OCGA § 9-11-36 (b)) and

any evidence inconsistent with the binding effect of the admission could not be considered by the trial court on motion for summary judgment. *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406 (1) (283 SE2d 632) (1981). The problem with appellant's argument is that appellant's Request No. 12 did not require the admission of a fact by appellee; rather, it requested that appellee respond with her opinion as to the weight of the evidence she possesses. It is well established in Georgia that, with the exception of certain professional malpractice cases not in issue here, see *McCrary Engineering Corp. v. City of Bowdon*, 170 Ga. App. 462, 466 (2) (317 SE2d 308) (1984), summary judgment cannot be granted solely on the basis of opinion testimony. *Harrison v. Tuggle*, 225 Ga. 211, 212-213 (2) (167 SE2d 395) (1969); *Savannah Valley &c. Assn. v. Cheek*, 248 Ga. 745 (285 SE2d 689) (1982). The reason for this rule is that where conflicting facts exist which can be presented before a jury, it cannot be said that judgment is demanded as a matter of law based upon the opinions expressed as to those facts, because the jury may arrive at a different conclusion based upon the evidence introduced and is not bound by opinion testimony. *Harrison*, supra.

Appellee's opinion about the preponderancy of her evidence cannot support appellant's motion for summary judgment where the jury, hearing and weighing the same evidence and not bound by appellee's unfavorable opinion of the preponderancy of that evidence, would be authorized to arrive at a totally different conclusion. See *Harrison*, supra; *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393) (1969). We cannot agree with appellant's argument that appellee's admission constituted fact rather than opinion. Appellee's answer to Request No. 12 did not admit that the Thorotrast was manufactured and distributed prior to November 1953 (the result had appellant deleted the "it is more likely than not" phrase in the request); nor did appellee's answer constitute an admission that she has no evidence at all to show when the drug was made and sold (a fact which would have pierced an essential element of appellee's case, i.e., that she has evidence to support that claim). Under the wording of appellant's Request No. 12, the only "fact" appellee is precluded from asserting is that her opinion has changed as to the preponderancy of the evidence she has.

We, therefore, hold that because appellant presented only opinion evidence on its motion for summary judgment and that evidence is incapable of piercing an essential element of appellee's case, the trial court correctly denied appellant's motion for summary judgment. See generally *Equity Nat. Life Ins. Co. v. Shelnutt*, 128 Ga. App. 849, 851 (3) (198 SE2d 350) (1973); *Scott v. Owens-Ill.*, 173 Ga. App. 19, 20-21 (325 SE2d 402) (1984).

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

Decided October 21, 1985 —
Rehearing denied November 14, 1985 — 

*Kirk M. McAlpin, William A. Clineburg, Jr., Richard A. Schneider*, for appellant.

*Philip C. Henry, J. Bruce Welch, John A. Gilleland, Daryll Love, George W. Hart, W. Edward Andrews, Daniel S. Reinhardt, Robert L. Pennington*, for appellees.