75942. ARNOLD v. PALACE INDUSTRIES, INC. et al.
(371 SE2d 236)

BEASLEY, Judge.

Plaintiff Arnold appeals from the verdict in favor of defendants Palace Industries, Inc., and Home Modernizers of Tennessee, Inc., directed by the court at the close of his evidence, and from denial of an amended motion for new trial.

Arnold was employed to operate branch offices of defendants' home remodeling business. He had a written compensation agreement which provided that he would receive a monthly salary, car allowance, road and work expenses, medical insurance, and a 2-½ percent override of "business generated" in the branch offices. His employment lasted from February 6 to October 18, 1985.

Arnold sued in breach of contract for override commissions, alleging that Palace had not fully paid them and that since Home Mod-

ernizers had paid some sums due him by Palace, it might be responsible for some or all of the payments still due. Arnold claimed that he received only partial commissions on sales from February through August 1985 and no commissions for September and October.

A fraud count alleged that when Palace hired Arnold it did not intend to live up to the terms of the agreement but made it to induce him to accept employment, that in reliance on the agreement he did so and dissolved his own profitably operating concern, and that he was injured thereby.

The third count maintained that Palace tortiously caused Home Modernizers to issue Arnold's last week's salary check with a release from further claims, thereby precluding its negotiation and entitling him to its value plus punitive damages.

The final count claimed the value of benefits realized by defendants from Arnold's services under the doctrine of quantum meruit.

The basis for the directed verdict in favor of defendants was lack of proof of damages.

Arnold contends that the trial court should have granted a new trial because it erred in excluding from evidence job logs which were monthly sales performance sheets he used in calculating damages, his testimony as to damages, and a letter from defendants' former attorney. He further contends that there was evidence in the form of interrogatories and responses from which damages could be calculated, that there was sufficient evidence in the record of his tort claims for jury consideration, and that there was evidence of a breach which would support an award of at least nominal damages.

1. Assuming for the purpose of disposition that the exclusions of evidence were correct, there was sufficient evidence to show at least a part of the actual damages plaintiff was seeking.

There was evidence of the written contract of employment upon which Arnold was to receive compensation, that he was employed until mid-October, and that payments had not been made to Arnold in accordance with the contract. Defendants' president admitted that August was the last month in which Arnold was paid his commission, that Arnold had still been entitled to receive the override for September and October, and that "[i]t was never disputed we owed him the money." In addition, certain answers to interrogatories were admitted without objection. The president testified that he answered the interrogatories under oath. Although he was then asked only about another interrogatory's response, the entire page was admitted without objection. One of the answers stated the specific amounts of the business generated for September 1985 at each of the branch offices. The percentage commission for this period constituted part of plaintiff's claim.

The issue of lack of damages proof, raised by defendants as the

ground for their motion for directed verdict, related to the breach of contract claim. However, the court granted a directed verdict as to all claims. As to the fraud claims, plaintiff also presented evidence that defendants entered the contract intending not to abide by the compensation provision, in that the president told him when the dispute arose that he never intended to pay the commission as stated. Also, there was evidence that release language was added to Arnold's last salary check to foreclose any attempt he might make to recover the overrides for September and October. In addition, there was evidence that language was added to the front of a September check, after negotiation, stating it was for all commissions to date including August. This constituted some evidence of a breach of Arnold's employment contract as well as of the claimed fraudulent acts.

A directed verdict was not authorized and plaintiff is entitled to a new trial.

2. The enumeration of error regarding nominal damages is thus rendered moot. A new trial being called for, the evidentiary questions need not now be ruled on.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 24, 1988.

*William R. Reece III, Mark V. Spix,* for appellant.
*James G. Killough,* for appellees.