A89A0935. RANDALL et al. v. NORTON.
A89A0936. SOUTHERN DIVERSIFIED PROPERTIES, INC. v. RANDALL et al.
(386 SE2d 518)

SOGNIER, Judge.
Ralph Norton brought suit against Jere M. and Jean F. Randall to recover damages allegedly owed for breach of a contract for the sale of land. The Randalls then filed a third-party indemnification action against Southern Diversified Properties, Inc. (SDP). The Randalls appeal from the trial court's entry of judgment on a directed verdict in favor of Norton and the denial of their directed verdict motion (Case No. A89A0935), which we have consolidated with SDP's appeal from the verdict directed in favor of the Randalls on their third-party complaint (Case No. A89A0936).

The transcript reveals that in May 1980 Norton and the Randalls

executed a "Land Sale Contract" whereby Norton agreed to sell to the Randalls a small apartment complex in DeKalb County. To avoid triggering the due on sale clause in the existing mortgages from Tucker Federal Savings & Loan Association (Tucker Federal), the parties agreed that Norton would retain title to the property until the loans were paid in full, and that the Randalls would make their payments to Norton, who in turn would pay the monthly mortgage payments. At the closing the parties also executed a one-page amendment to the Land Sale Contract (the Amendment), which provided that "[t]he parties hereto agree that as a part of the consideration for the Land Sales Contract entered into by and between them on this date, [the Randalls] agree that in the event that [Tucker Federal] should at any time . . . raise the interest rate on the existing loans, [the Randalls] agree to pay to [Norton] the difference between the existing interest rate and the increased interest rate, thereby indemnifying [Norton] from said increase."

The testimony at trial further disclosed that on September 30, 1981, the Randalls sold their interest in the property to SDP. The "Transfer and Assignment of Land Sale Contract" (the Assignment) between the parties provided that the Randalls would continue to make their payments to Norton upon receiving monthly payments from SDP, and that SDP "hereby assumes all obligations and liabilities of [the Randalls] under the . . . Land Sale Contract and agrees to hold harmless [the Randalls] therefrom." Thereafter, Tucker Federal notified all parties that it was accelerating the loans because of a breach of the due on sale clause. After this court ruled that the Land Sale Contract between Norton and the Randalls had activated that clause, *Tucker Fed. Savings &c. Assn. v. Alford*, 169 Ga. App. 38 (311 SE2d 229) (1983), to avoid foreclosure Norton and Tucker Federal entered into a security deed modification agreement, to which SDP was a signatory, whereby Norton agreed to pay Tucker Federal $13,000 in back interest from the date of acceleration and to raise the interest rate so that the monthly payments on the existing mortgages increased. Norton then brought suit against the Randalls on the Amendment, seeking to recover for all additional interest paid to Tucker Federal, and the Randalls sought indemnification from SDP in the third-party action. After hearing the trial testimony, the lower court submitted to the jury only the question of whether the Amendment was executed at the same time as the Land Sale Contract or after the other closing documents. The jury found that the Amendment was executed "at the same time [as the Land Sale Contract]," and the trial court then directed a verdict in favor of Norton on his claim and in favor of the Randalls on their third-party complaint against SDP.

1. In Case No. A89A0935, the Randalls contend the trial court

erred by denying their motion for directed verdict made on the ground that the Amendment was not supported by valuable consideration and therefore was unenforceable. We do not agree.

The Randalls argue that the Amendment had no consideration because it was executed after the closing of the Land Sale Contract, but the jury found the Amendment was executed at the same time as the Land Sale Contract, and that finding was supported by the evidence. The trial court thus correctly concluded that the Amendment was part of the Land Sale Contract, which the evidence demonstrated was supported by ample consideration in the form of mutual promises to perform (a point not disputed by the Randalls). See *Philips Audio &c. Corp. v. Bateman*, 160 Ga. App. 12, 14 (285 SE2d 747) (1981). Further, Norton testified he would not have signed the Land Sale Contract if the parties had not agreed to the Amendment. Accordingly, we find no error in the denial of the Randalls' directed verdict motion.

2. The Randalls also contend they were entitled to a directed verdict on Norton's claim because the modification agreement between Norton and Tucker Federal constituted a novation, thereby releasing them from any obligation under the Amendment.

"A novation . . . has four essential elements: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. [Cits.] . . . There may be a novation of debtors, but the novation must be such as to release the original debtor and substitute a new debtor in his place." *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 459 (1) (278 SE2d 33) (1981). In the case at bar there is no dispute that a previous valid obligation existed between Norton and Tucker Federal. However, the evidence also established that Norton remained obligated on the existing mortgages, and no other debtor was substituted for his obligation. Thus, no novation occurred here. Id. Additionally, the Randalls' argument that the increase in interest rate demonstrated that the old contract was extinguished and replaced by a new one is without merit, as "new notes given for an existing indebtedness, although providing for additional interest . . . [do] not operate to extinguish the indebtedness on the original notes, in the absence of an express agreement that they should so operate." *Carter v. Rich's, Inc.*, 83 Ga. App. 188, 191 (63 SE2d 241) (1951). The terms of the modification agreement clearly provide that the original indebtedness remained, and accordingly we find no novation. See id. at 190-192 (4).

3. The Randalls cite *Southern Nitrogen Co. v. Stevens &c. Co.*, 114 Ga. App. 581 (1) (151 SE2d 916) (1966) as support for their contention that Norton had no legal duty to pay the higher interest rate to Tucker Federal, and thus was not entitled to recover the differen-

tial from the Randalls. However, the principle set forth in *Southern Nitrogen*, that liability of an indemnitee cannot be established prior to the entry of a judgment or other similar legal proceedings against the indemnitee, was superseded by the passage of OCGA § 51-12-32, which provides that the right of indemnification is not lost or prejudiced by settlement or compromise of a claim. *Ranger Constr. Co. v. Robertshaw &c. Co.*, 158 Ga. App. 179, 181-182 (279 SE2d 477) (1981); see *Superior Rigging &c. Co. v. Ralston Purina Co.*, 172 Ga. App. 79, 80 (2) (322 SE2d 95) (1984). Accordingly, Norton was entitled to enter into a compromise agreement with Tucker Federal to avoid foreclosure without prejudicing his right to seek indemnification from the Randalls under the terms of the Amendment.

4. In their final enumeration of error the Randalls contend that there was no proof that the damages awarded against them flowed from the Amendment or that the $13,000 lump sum payment Norton made to Tucker Federal was attributable to an increase in the rate of interest on the existing mortgages.

The modification agreement, which was admitted into evidence, states that the $13,000 payment was made to compensate Tucker Federal for interest lost since the date Tucker Federal first attempted to foreclose, and further stipulates a higher monthly payment as a result of an increase in the rate of interest. Norton's testimony confirmed that arrangement. The Randalls presented no testimony in rebuttal of this evidence, and as the Amendment clearly required the Randalls to indemnify Norton for "the difference between the existing interest rate and the increased interest rate," we find the trial court correctly concluded Norton was entitled to a directed verdict. See generally *First Ga. Leasing v. First Ga. Bank*, 188 Ga. App. 847, 848 (1) (374 SE2d 751) (1988). Therefore, the Randalls having presented no grounds for reversal of the trial court's directed verdict, that judgment is affirmed.

5. In Case No. A89A0936 SDP asserts as error the trial court's ruling denying its motion for directed verdict and granting that of the Randalls, contending that the evidence showed that SDP did not agree to assume the Randalls' obligations to Norton under the Amendment.

The Assignment provided that the Randalls were transferring to SDP their interest "in and to that certain Land Sale Contract [between Norton and the Randalls], which Land Sale Contract is recorded in Deed Book 4272, pages 425, et seq., DeKalb County, Georgia Records. Said Land Sale Contract, together with any later modifications or amendments thereto is made a part of this [Assignment] by reference." It is undisputed that the Amendment, although found by the jury to have been executed at the same time as and thus a part of the Land Sale Contract, was not recorded, and Melton Har-

rell, president of SDP, testified that he did not learn of the existence of the Amendment until after the execution of the modification agreement between Norton and Tucker Federal. Because the jury found that the Amendment was executed at the same time as the Land Sale Contract, the Amendment cannot be considered a "later modification."

We agree with SDP that there was a conflict in the evidence on the issues of whether the Amendment was incorporated into the Assignment, whether the Randalls fraudulently concealed the existence of the Amendment, and if so whether SDP exercised ordinary care in seeking all relevant information. " 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions and inferences therefrom demands a particular verdict. [Cits.]' [Cit.]" *Tsilimos v. N.A.A.C.P.*, 187 Ga. App. 554 (370 SE2d 816) (1988). As we find material conflicts in the evidence, we cannot conclude that a directed verdict was authorized for either party, and thus hold that SDP is entitled to a trial on these issues. See generally *Arnold v. Palace Indus.*, 187 Ga. App. 664, 665-666 (1) (371 SE2d 236) (1988).

6. Our decision in Division 5 renders moot SDP's remaining enumerations.

*Judgment affirmed in Case No. A89A0935. Judgment reversed in Case No. A89A0936. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Rich, Bass, Kidd & Witcher, Casper Rich, Merck K. Smith*, for Randall.

*William F. C. Skinner, Jr.*, for Norton.

*Wildman, Harrold, Allen, Dixon & Branch, Frank O. Brown, Jr., Jerry L. Sims*, for Southern Diversified.