## A90A0913. SYCAMORE PELLET SYSTEMS, INC. v. SOUTHEASTERN STEAM, INC.
### (397 SE2d 6)

COOPER, Judge.

Appellee, a company engaged in the business of servicing and installing boilers, brought suit on an open account against appellant, a company which pelletizes agricultural materials such as feed and seed. The jury returned a verdict in favor of appellee, awarding damages and attorney fees.

The record reveals that appellant and appellee entered into an agreement for the lease and installation of a used boiler to be used in appellant's pellet mill. Following the installation of the boiler, appellant's plant manager discussed with appellee the connection of the boiler to the utility system. Appellee agreed to perform the additional work for $5,000, and appellant's manager authorized the work. After being billed for the additional work, appellant made three partial payments and incurred some expenses for service calls before failing to make any further payments on the account. Despite repeated assurances that payment in full would be forthcoming, appellant's account remained past due and appellee brought suit to recover the balance due plus attorney fees. Appellant answered, denying the indebtedness, and counterclaimed seeking damages for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414 (1986). The case proceeded to trial following the denial of appellant's motion for summary judgment.

1. In its first enumeration of error, appellant contends that the trial court erred in denying its motion for summary judgment. " 'After a verdict and judgment have been entered, this court cannot review a judgment denying a motion for summary judgment because that issue became moot when the court heard evidence at trial.' [Cits.]" *Litton Indus. Credit Corp. v. Lunceford*, 175 Ga. App. 445 (1) (333 SE2d 373) (1985).

2. Appellant contends that the trial court erred in denying its motion for mistrial. The transcript from the trial reflects that following opening statements, which were not transcribed, appellant moved for a mistrial on the ground that during appellee's attorney's opening statement, he commented on the net worth of appellant's sole shareholder, not a party to the action. The trial court denied the motion but ruled that the shareholder's financial statement, which was attached to one of the exhibits listed in the pretrial order could not be admitted during the trial. We find no error in the trial court's ruling. " 'The decision not to declare a mistrial is within the discretion of the trial court, and this discretion should not be interfered with unless manifestly abused.' [Cit.]" *Opatut v. Guest Pond Club,* 188 Ga. App. 478 (4) (373 SE2d 372) (1988). Because the transcript does not reflect

the opening statement made by appellee's attorney, we cannot conclude that the remarks were so prejudicial as to have required the grant of a mistrial, regardless of how irrelevant the remarks may have been. See *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269 (3) (329 SE2d 900) (1985). " ' "(T)he burden is on the party alleging error to show it affirmatively by the record, and . . . when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." ' [Cit.]" *Coffee v. Silver*, 195 Ga. App. 247 (1) (393 SE2d 58) (1990).

3. Appellant contends in its third enumeration of error that the trial court erred in charging the jury on attorney fees. Appellant has waived his objection to the charge on attorney fees by not objecting to the charge at trial. OCGA § 5-5-24 (a); *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468 (8) (287 SE2d 257) (1981). Furthermore, we find no error in the charge which was harmful as a matter of law, so as to preclude the necessity of an objection. See OCGA § 5-5-24 (c).

4. Appellant's fourth enumeration of error is not supported by citation of authority or argument and is deemed abandoned under Rule 15 (c).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Stephen L. Ivie*, for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.*, for appellee.