A90A2132, A90A2133. VENTURE DESIGN, LTD. v. ORIGINAL
APPALACHIAN ARTWORKS, INC. et al.; and vice versa.

(398 SE2d 781)

DEEN, Presiding Judge.

These appeals arise from a suit to recover for leakage and water damage to her condominium brought by Ramona Churvis against Original Appalachian Artworks, Inc. (hereinafter "OAA"), the Hanover House Condominium Association, Inc. (hereinafter "Hanover") and the Sonenberg Company, the management company retained by Hanover. Ms. Churvis bought her unit in 1978, and experienced some leakage problems in 1983 which were corrected satisfactorily by Hanover. In 1984 OAA purchased a condominium unit above the Churvis unit. The floor of the balcony of the OAA unit is over the roof of a portion of the Churvis unit. Venture Design, Ltd. (hereinafter "Venture"), contracted for renovation of the OAA unit, which was undertaken in 1985 and 1986. The contract contained an indemnity clause under which Venture agreed to indemnify OAA from all costs, expenses, damages and attorney fees which might arise from any claim for injury to personalty or realty. Hanover also required Venture to provide it an indemnity agreement indemnifying it from any such claims "by reason of any act on the part of OAA" and Venture.

Once the renovations were undertaken by Venture, water again began infiltrating into the Churvis unit, causing extensive damage. After unsuccessfully seeking to have the damage repaired, on July 28, 1988, Ms. Churvis filed the instant suit against Hanover, the Sonenberg Company and OAA. Hanover and the Sonenberg Company denied all allegations of negligence, bringing a cross-claim against OAA for indemnification. Hanover, the Sonenberg Company and OAA also filed third-party complaints against Venture based on indemnification. Venture answered and discovery was pursued, culminating in a consent order entered into by all parties on December 5, 1989, in which a settlement was reached. Under the terms of the settlement, the defendants agreed to pay Ms. Churvis $40,000 to be apportioned equally among them, plus the cost to repair the OAA balcony for an amount not to exceed $10,000. The parties also waived their rights to a jury trial on the claims raised against each other and agreed to submit these issues to a trial judge.

Ms. Churvis alleged that during the summer of 1986, while heavy construction work was being performed on the OAA unit, she heard a loud noise directly above her unit and felt a severe vibration which caused bathroom tiles and a wall vent to fall out and her chandeliers to sway. She testified that she did not actually know what was dropped, but that she saw a large crane when she looked out the window and the next day there was an iron gazebo on the ground that had been removed from the balcony of the OAA unit. Venture's con-

struction manager admitted that they had used a crane to lower objects onto the OAA balcony, but denied that any heavy objects had been dropped or that Venture's renovations of the OAA unit had caused any water damage to the Churvis unit. The construction manager further testified that after the gazebo was removed Venture had to repair bolt holes in the balcony with an epoxy sealant, and that these holes could have gone through the waterproofing membrane between the floor of the OAA balcony and the ceiling of the Churvis unit.

Arla Moskowitz, president of the Hanover homeowners' association, testified about the policies regarding damage to the units and who is responsible for such repairs. When a complaint is made, Hanover must determine whether the source of the damage is in a common area, which it must pay for, or if the problem originated from within a unit, where it is generally the owner's responsibility. According to the condominium declaration, each owner is responsible for maintenance of his or her unit, including the balcony which is defined as a "limited common area." Thus Hanover had to repair roof damage, but the owners must maintain their balconies. OAA denied responsibility for the water damage, contending that the source of the problem was not its balcony, but the roof of the Churvis unit, which Hanover had the duty to repair.

Andrew J. Gravino testified as an engineering expert for OAA that upon his inspection of the premises he discovered that water was infiltrating underneath the glass sliding doors in the OAA unit, and that in his opinion any leakage coming from the OAA balcony was due to a breach in the membrane waterproofing above the structural slab which constituted the roof of the Churvis unit. Gravino further stated that although there were areas he could not inspect under some planters which were too heavy to be moved, the rest of the "wearing surface" of the balcony appeared to be in good condition and well maintained. Seymour W. Liebmann, a construction consultant who testified as Venture's expert, was not allowed entry to the OAA unit, but upon inspection of the Churvis unit on several occasions he discovered water which in his opinion was coming directly from the OAA unit above, specifically from around the glass patio doors. In Liebmann's opinion the waterproofing membrane beneath the OAA balcony had been violated by an outside force which could have been caused by any number of things, such as drilling through the membrane from above, extracting anchor bolts, improperly sealing the membrane, using epoxy cement, or some type of heavy blow.

The trial court found that the OAA balcony had been damaged by the negligent acts of Venture; that OAA had been negligent in its refusal and failure to cooperate and take remedial action to make repairs to the balcony; that the joint negligence of OAA and Venture

caused and produced the damage to the Churvis unit; that Hanover had no duty to repair the OAA balcony; that OAA had the duty and responsibility of upkeep, maintenance and repair of its balcony; that OAA was entitled to complete indemnity from Venture pursuant to the provisions of the contract between them; that Hanover was entitled to reimbursement of all monies paid by it to fund the settlement with Ms. Churvis; and that the Sonenberg Company was not liable to any of the parties to the action. Venture appeals from this judgment and OAA appeals in the event the judgment is not affirmed in its entirety.

1. Venture contends that the trial court erred as a matter of law in finding that it was negligent, as there was no evidence to support such a finding. In a bench trial the court sits as trier of fact and its findings will not be set aside unless clearly erroneous. OCGA § 9-11-52 (a). Thus where there is any evidence to sustain such findings an appellate court will not disturb them, and the trial court could reasonably have found from the evidence in this case that Venture negligently damaged the waterproofing membrane on the OAA balcony so as to cause the damage to the Churvis unit. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544 (382 SE2d 388) (1989).

2. Venture complains that the findings of fact entered by the trial court are insufficient for a reviewing court to determine what evidence was considered, or if the findings were supported by the evidence, as the judgment merely states the court's answers to material issues. OAA raises the same issue in its appeal, asserting in addition that the trial court therefore erred in failing to amend the judgment pursuant to its post-trial motion made in accordance with OCGA § 9-11-52 (c).

We find no grounds for reversal. "When the trial court makes findings, express or implied, in a bench trial '(t)hese findings of fact and conclusions of law meet the requirements set forth in (OCGA § 9-11-52 (a)) (CPA Rule 52 (a)).' [Cit.] The trial court's finding that [OAA 'was negligent in its refusal and failure to cooperate and to take remedial action and make repairs to its balcony'; that Venture's negligent act caused the damage to the OAA balcony; and that OAA's and Venture's joint negligence 'caused and produced the damage to the [Churvis] condominium unit'] and the findings of fact inherently contained therein, are not clearly erroneous. Thus, the trial court did not err. OCGA § 9-11-52 (a)." *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 735 (9) (389 SE2d 251) (1989).

3. Venture argues for the first time on appeal that the indemnity agreement between it and OAA was contrary to public policy under OCGA § 13-8-2 (b) and therefore invalid. However, "[o]n appeal only issues properly raised before the trial court will be considered. [Cits.]" *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 638 (1) (385 SE2d 746) (1989). Thus this enumeration is without

merit.

4. Venture's final two enumerations of error, which assert that the trial court erred in failing to specify the amount of damages due from it for repairs to the OAA balcony and in awarding $40,000 in damages against it because there was no evidence to support such an amount, are likewise not meritorious. Prior to the bench trial all parties, including Venture, entered into an agreement providing that Hanover, the Sonenberg Company and OAA would repair the OAA balcony with costs of the work to be borne equally and not to exceed $10,000. The parties, including Venture, also expressly agreed to try all issues concerning liability, damages, costs, expenses and attorney fees without a jury and stipulated "that the total amount of liability to be apportioned to, between or among them, exclusive of costs, expenses and attorney fees shall be $40,000 plus the costs incurred and paid relative to the remedial work" on the OAA balcony. "The consent of the parties to a judgment has the effect of removing any issuable defenses previously filed." OCGA § 9-12-23. Therefore, "because [Venture] both consented to and participated in preparation of the agreement, [it] . . . cannot now successfully appeal and obtain a reversal of the . . . disposition to which [it] agreed. [Cits.]" *New v. Wilkins*, 178 Ga. App. 337, 341 (2) (343 SE2d 136) (1986).

5. Because the judgment of the trial court is affirmed in its entirety, it is unnecessary to address the issues raised by OAA in its companion appeal; therefore, the appeal in Case No. A90A2133 must be dismissed.

*Judgment affirmed in Case No. A90A2132; appeal dismissed in Case No. A90A2133. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 30, 1990.

*Cone & Shivers, Donald M. Shivers*, for appellant.
*Vaughan & Murphy, C. David Vaughan, Stanley F. Birch, Jr., Lela L. Smith, Long, Weinberg, Ansley & Wheeler, Meade Burns*, for appellees.