A91A0323, A91A0324. WILSON v. NORFOLK SOUTHERN CORPORATION (two cases).
(409 SE2d 84)

PER CURIAM.

Wilson appeals the granting of Norfolk Southern Corporation's ("Norfolk") motions for summary judgment on its third-party complaints seeking contribution from him in suits filed by his daughter and granddaughter arising from the 1985 collision of Wilson's truck with a Southern Railway train.

Wilson was driving his pickup truck with his daughter D. W. Corzo and his six-year-old granddaughter D. A. Corzo as passengers. They were struck by the train at a crossing and both mother and child suffered severe injuries. Wilson, his daughter and granddaughter filed separate suits against Norfolk, contending the accident was caused by inadequate warnings, failure to protect the crossing, negligent operation of the train, and failure to signal the approach of the train. Norfolk defended Wilson's suit claiming the wreck was caused by his own negligence, including a frost obscured windshield, failure to obey signals and failure to stop in a safe distance. Norfolk filed third-party complaints against him in the mother's and daughter's suits, denying its negligence, but claiming "if it should be determined that the damage to [mother and child] resulted from any negligence of Norfolk . . . then the negligence of . . . Wilson was joint and concurrent in causing the injury . . . and . . . Wilson is or may be liable to [Norfolk] for all or part of the claim. . . ." Norfolk also contended

Wilson's negligence was a proximate cause of the wreck.

In May 1988, Norfolk entered into a consent judgment and settlement on the child's behalf, paying $10,000, which the consent judgment held was "just and fair" and in the best interest of the child. The suit of the mother was dismissed with prejudice and she was also paid $10,000 as part of the settlement. Wilson's suit was tried by jury and judgment entered for Norfolk in April 1989.

Norfolk then sought summary judgment on its contribution claims. Both were granted.

The enumerations of error in both appeals are identically worded and numbered and will be addressed together.

Norfolk's motion for summary judgment included the statement of material facts and theories of recovery mandated by USCR 6.5 and an affidavit in support. In response, Wilson filed a brief in opposition which contained in a section headed "Statement Of Material Facts As To Which There Is A Genuine Issue To Be Tried" a recitation of the procedural posture of the cases which did not specifically dispute any material facts set out in Norfolk's motion, but presented numerous legal arguments in opposition which are repeated here, including that the amount paid in settlement was arbitrary. *Held*:

1. OCGA § 51-12-32 (a) provides that "[e]xcept as provided in Code Section 51-12-33,[1] . . . contribution among several trespassers[2] may be enforced just as if an action had been brought against them jointly. Without the necessity of being charged by action or judgment, the right of a joint trespasser to contribution from another or others shall continue. unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person . . . and release therefrom." See *Randall v. Norton*, 192 Ga. App. 734, 737 (3) (386 SE2d 518) (1989).

The summary judgment motion was premised on the theory that Wilson was estopped to deny his negligence was equal to or greater than Norfolk's because of Norfolk's verdict in his suit. The Statement of Material Facts submitted by Norfolk set out the wreck, the resolution of the mother's and child's claims by dismissal and settlement respectively, payment by Norfolk, Wilson's adverse verdict, and that the settlements were reasonable and made in good faith. This was supported by the affidavit of Senior Claim Manager Reid, who investigated the claims and arranged for payment to the mother and child.

Wilson, in opposition, contended the jury in his trial could have found Norfolk and him equally negligent based on comparative negli-

---

[1] That section is not applicable to these cases, applying only to causes of action arising on or after July 1, 1987, after the 1985 wreck here.

[2] "Joint trespasser" is synonymous with "joint tortfeasor." *Hyde v. Klar*, 168 Ga. App. 64, 65 (308 SE2d 190) (1983).

gence and that the $5,000 sought was "arbitrary." Pro rata contribution is appropriate between joint tortfeasors, *Eidson v. Maddox*, 195 Ga. 641, 645 (24 SE2d 895) (1943); *Powell v. Barker*, 96 Ga. App. 592, 595 (1) (101 SE2d 113) (1957); see *Union Camp Corp. v. Helmy*, 258 Ga. 263, 265 (367 SE2d 796) (1988), and the contention that a claim for a pro rata share is not appropriate is erroneous.

2. Enumeration 1 alleges that the consent judgment for the child, the dismissal with prejudice of the mother's suit, and judgment against Wilson in his suit are not dispositive of the contribution issue. The facts of the consent judgment, dismissal and adverse judgment were not disputed by Wilson and were properly before the court on summary judgment. Norfolk did not contend that these judgments were dispositive, only that they were facts to be considered on summary judgment. There was no error.

Part of the argument made here was not presented below nor is it encompassed within the enumeration and will not be considered. *Liner v. North*, 194 Ga. App. 175, 179 (2) (390 SE2d 263) (1990); *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277 (1) (390 SE2d 269) (1990).

3. The second enumeration claims Norfolk improperly took a position in the cases of the mother and child that was contrary to that taken in Wilson's, relying on, e.g., *Dunn v. Dunn*, 221 Ga. 368, 372 (3) (144 SE2d 758) (1965). The argument is that settlement of the mother's and child's suits was an admission of Norfolk's negligence, which was contrary to its denial of any negligence in Wilson's case. The settlements in those cases occurred a year before Wilson's trial. That trial would have been the appropriate forum in which to raise this issue. There being no indication it was so raised, that issue is not subject to review in these appeals. *Hollis v. State*, 191 Ga. App. 525, 528 (382 SE2d 145) (1989).

This contention also overlooks the alternative pleading of Norfolk that even if it were found negligent, the negligence of Wilson equalled or exceeded its own. Alternative pleading is appropriate pursuant to OCGA § 9-11-8 (e) (2) in such circumstances. *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 438 (5) (383 SE2d 867) (1989); *ARA Transp. v. Barnes*, 183 Ga. App. 424, 426 (1) (359 SE2d 157) (1987).

There was no error.

4. Wilson contends in the third enumeration that estoppel was not shown because Norfolk did not show an identity of issues in Wilson's suit against it and its suit for contribution from him.

While res judicata requires identical parties and causes of action, "collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. [Cit.]" *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684-685 (333 SE2d 835) (1985).

In Norfolk's motion, it requested the court to take notice of the proceedings in Wilson's case against it. The trial was conducted before the same judge and Wilson acknowledges his contributory/comparative negligence was at issue. Judicial notice of other civil cases before the same court is appropriate. *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984).

This argument fails.

5. Wilson enumerates error in the grant of summary judgment because of Norfolk's failure to prove its liability to mother and child and the reasonableness of the settlement which it paid (Enumerations 4 & 5). In both cases, Wilson contends the affidavit of Norfolk's district claim agent Reid was "defective" and could not support the summary judgment grants (Enumeration 6).

(a) We first consider the affidavit. Wilson, relying on *Ginn v. Morgan*, 225 Ga. 192, 193 (167 SE2d 393) (1969) for the proposition that summary judgment for a [third party] plaintiff can never issue based solely upon opinion evidence, argues that the affidavit will not support summary judgment and is defective because of Reid's expression of opinion that the payment of the $10,000 settlements to mother and child was "reasonable." *Ginn* was modified by *Savannah Valley &c. Assn. v. Cheek*, 248 Ga. 745, 746 (285 SE2d 689) (1982) only to the extent that in cases where a plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in defendant's favor in moving for summary judgment and plaintiff fails to produce an expert's affidavit in opposition to the motion, summary judgment may be granted to the defendant/movant. *Savannah Valley &c. Assn.*, supra at 746; *Howard v. Walker*, 242 Ga. 406, 407 (249 SE2d 45) (1978).

"*Ginn v. Morgan*, supra, and its progeny continue to be correct insofar as nonexpert opinion cases are concerned and insofar as motions for summary judgment in favor of plaintiffs are concerned." *Howard*, supra at 408. *Harrison v. Tuggle*, 225 Ga. 211, 212 (2) (167 SE2d 395) (1969); *Nichols v. Frey*, 185 Ga. App. 829, 831 (366 SE2d 212) (1988); *American Cyanamid Co. v. Allrid*, 176 Ga. App. 831, 832 (338 SE2d 14) (1985) (physical precedent).

While the opinion of the claim agent is admissible at trial as an expert or nonexpert opinion on the issue of the reasonableness of the settlement, see generally Green, Georgia Law of Evidence 219, § 112 and cases cited in fn. 6, the issue of reasonableness is for the jury which may disagree with his opinion. *Union Camp v. Louisville &c. R. Co.*, 130 Ga. App. 113, 116 (1) (202 SE2d 508) (1973); cf. *Robert & Co. v. Pinkerton & Laws*, 120 Ga. App. 29, 33 (1) (169 SE2d 360) (1969).

(1) In the mother's case (A91A0324), judgment must be reversed on this ground.

(2) In the child's case (A91A0323) judgment must also be reversed on the same ground. The view expressed in the dissent, that the child's case (A91A0323) need not be reversed since consideration of the affidavit is unnecessary due to a statement in a consent judgment that the settlement was "just and fair," is not correct. Appellant Wilson was not a party to the consent judgment entered in the child's case (A91A0323). See generally OCGA § 9-12-23. Only plaintiff, Donna Angelica Corzo, by next friend, Donna Wilson Corzo, and defendant Norfolk, waived their right to trial by jury and consented to the entry of judgment. As there was no similar waiver and consent by appellant Wilson, the consent judgment and the determination therein that the settlement was "just and fair" are not binding upon appellant Wilson. The issue of reasonableness awaits proof in both cases. Compare *Venture Design v. Original &c. Artworks*, 197 Ga. App. 432, 435 (4) (398 SE2d 781).

We need not consider separately Enumeration 7, also dealing with reasonableness.

(b) Enumeration 5 contends that Norfolk failed to demonstrate it was liable to the daughter and granddaughter for purposes of contribution. There was no adjudication of liability, only an agreed settlement in the mother's suit and a consent judgment in the child's suit. That is not, however, all that was considered by the trial court in its ruling on Norfolk's summary judgment motion on the question of the liability of Wilson and Norfolk. The court below considered the entire proceedings in the litigation between Norfolk and Wilson. Since Wilson has not chosen to make those proceedings part of the record on appeal, he has failed to show that there was *no* liability on Norfolk's part proven by the trial. When a party fails to show error affirmatively by the record, the trial court's action is assumed to be correct. *Sycamore Pellet Systems v. Southeastern Steam*, 196 Ga. App. 717, 718 (397 SE2d 6) (1990).

6. Norfolk's motion for imposition of a penalty is denied.

*Judgment reversed in Case No. A91A0324. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Carley, Pope, Beasley, Cooper and Andrews JJ., concur.*

*Judgment reversed in Case No. A91A0323. McMurray, P. J., Carley, Pope, Beasley and Cooper, JJ., concur. Sognier, C. J., Banke, P. J., Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, concurring in part and dissenting in part.

While I concur fully in the reversal of Case No. A91A0324, and Divisions 1 through 4, 5 (a) (1), 5 (b), and 6 as they also relate to Case No. A91A0323, I must respectfully dissent as to Division 5 (a) (2) requiring the reversal of Case No. A91A0323.

The point on which the majority opinion relies was not enumer-

ated as error or argued by Wilson, leaving this court without jurisdiction to consider that argument. *Dennis v. Malt*, 196 Ga. App. 263, 265 (2) (395 SE2d 894) (1990). Further, the judgment entered against Norfolk in favor of the child states that the court reviewed the settlement and independently concluded that the damages were "just and fair"and in the child's best interest. This element supplies evidence of the reasonableness of the settlement for purposes of summary judgment, and defeats the argument made, which was that it was arbitrary.

I am authorized to state that Chief Judge Sognier, Presiding Judge Banke and Presiding Judge Birdsong join in this opinion.

DECIDED JULY 16, 1991.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, Michele R. Smith*, for appellant.

*Shaw, Maddox, Graham, Monk & Harris, James D. Maddox*, for appellee.