A01A1125. YOUNG et al. v. FAULKNER et al.

(555 SE2d 221)

Phipps, Judge.

W. D. Young, Mark Lott d/b/a Lott Timber Company of Irwin County, and Southern Timber Products, Inc. appeal the trial court's grant of summary judgment, contending that the ruling was improperly based solely on opinion evidence. We agree and reverse.

Seeking damages for alleged trespass on real property and wrongful cutting and conversion of timber, Ebson Faulkner and Mary Young sued W. D. Young, the adjoining landowner, Lott Timber Company, who cut the timber, and Southern Timber Products, who purchased it. This appeal is the third appearance of this case in this court. In the first appearance, we affirmed the trial court's grant of partial summary judgment to plaintiffs, determining that they had proved ownership of the land in issue.[1] In the second appearance, we affirmed the trial court's grant of partial summary judgment to the plaintiffs, determining that the trespass was wilful.[2]

On remittitur, plaintiffs moved for summary judgment on the only remaining issue, the amount of damages. They supported their motion for summary judgment with the affidavit of a forestry consultant who sought to establish the full value of the harvested timber based on his education, experience, and familiarity with timber products. He opined that the trees cut would have been converted into certain quantities of various timber products which, using "industry standards" and economic data, he calculated had a value of $18,086.83. Defendants argued summary judgment could not be granted based solely on opinion evidence. The trial court granted plaintiffs summary judgment, thus establishing damages in that amount. Defendants appeal.

Summary judgment is proper when there is no genuine issue of

---

[1] See *Young v. Faulkner,* 217 Ga. App. 321 (457 SE2d 584) (1995).
[2] See *Young v. Faulkner,* 228 Ga. App. 587 (492 SE2d 331) (1997).

material fact and the movant is entitled to judgment as a matter of law.[3] The movant is not entitled to judgment as a matter of law unless, construing the evidence most favorably to the nonmoving party, the movant shows a prima facie case.[4] Unless and until the movant meets this initial burden, no evidentiary burden shifts to the nonmovant.[5] On appeal of a grant of summary judgment, we conduct a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party.[6]

Defendants contest the amount of damages set by the trial court's grant of summary judgment. They rely on *Ginn v. Morgan*[7] for the proposition that summary judgment can never issue based solely upon opinion evidence. *Ginn* has been modified to the extent that in cases where a plaintiff must produce an expert's opinion to prevail at trial, when the defendant moves for summary judgment and produces an expert's opinion in the defendant's favor and plaintiff fails to produce a contrary expert's affidavit in opposition, summary judgment may be granted to the defendant.[8] However, " '*Ginn v. Morgan*, supra, and its progeny continue to be correct insofar as nonexpert opinion cases are concerned and insofar as motions for summary judgment in favor of plaintiffs are concerned.' [Cits.]"[9] *Ginn* is applicable here, where expert testimony is admissible, though not required.[10]

"The question of the value of property is peculiarly one for the jury. Jurors are not required to accept as correct opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. [Cits.]"[11] A jury must make the factual determination whether to accept the opinion evidence in this case in whole or in part and what weight and credibility to give it. Therefore, the trial court erred in granting the plaintiffs' motion for summary judgment on the issue of damages.[12]

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

---

[3] OCGA § 9-11-56 (c).

[4] *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 617 (1) (501 SE2d 497) (1998).

[5] Id. at 617-618.

[6] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[7] 225 Ga. 192, 193 (167 SE2d 393) (1969).

[8] See *Savannah Valley &c. Assn. v. Cheek*, 248 Ga. 745, 746 (285 SE2d 689) (1982); *Wilson v. Norfolk Southern Corp.*, 200 Ga. App. 523, 526 (5) (a) (409 SE2d 84) (1991).

[9] *Wilson*, supra.

[10] See *Ginn*, supra; *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45) (1978).

[11] *Hoard v. Wiley*, 113 Ga. App. 328, 334-335 (3) (147 SE2d 782) (1966); *Varnedoe v. Singleton*, 154 Ga. App. 332, 333 (268 SE2d 387) (1980).

[12] *Ginn*, supra.

DECIDED OCTOBER 11, 2001.

*John T. Croley, Jr.*, for appellants.
*Rogers & McCranie, Murphey Rogers*, for appellees.