A08A1845. SIMON v. GRADY HEALTH SYSTEM et al.
(676 SE2d 386)

PHIPPS, Judge.

Steven Simon brought this action against Grady Health System and others (collectively referred to as Grady). Simon in part complains that Grady failed to properly provide him with medical treatment after he was transported to the detention center at Grady instead of the city jail following his arrest. Additionally, Simon charges Grady with battery, kidnapping, and false imprisonment for performing treatment without his consent.

By order entered in 2004, the trial court granted Grady's motion to dismiss Simon's complaint insofar as it charged Grady with medical malpractice, due to Simon's failure to attach an expert affidavit to the complaint as required by OCGA § 9-11-9.1. By order entered in 2005, the trial court granted Grady's motion for summary judgment as to the remainder of Simon's complaint. In the 2005 order, the court found it undisputed that upon his admission to Grady, Simon was diagnosed with a serious and life threatening condition requiring emergency treatment; and that Grady doctors, after determining that Simon was suffering from a mental impairment rendering him incapable of making rational decisions regarding his health, properly executed the appropriate certification to provide emergency treatment to him. Accordingly, the court determined that Simon had impliedly consented to his medical treatment under OCGA § 31-9-3 and that, under OCGA § 37-3-163 (e), Grady is immune from civil or criminal liability.

This is Simon's pro se appeal of the 2005 order. Appellate courts

are for the correction of errors of law made by trial courts.[1] From Simon's appellate brief, we discern essentially only one appellate claim of trial error, i.e., that the trial court erred in awarding summary judgment to Grady because its certification that he appeared mentally ill and in need of involuntary emergency medical treatment was invalid and defective. The record, however, shows that a certification complying with OCGA §§ 37-3-41 (a) and 37-3-163 (e) was properly executed. Based on our review of the record, we therefore conclude that the trial court did not err in its grant of Grady's motion for summary judgment.[2]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 13, 2009 —
RECONSIDERATION DENIED MARCH 27, 2009.

Steven D. Simon, *pro se.*
*James C. West III*, for appellees.

---

[1] *Grant v. State*, 289 Ga. App. 230, 236 (5) (656 SE2d 873) (2008).
[2] See generally *Young v. Faulkner*, 251 Ga. App. 847, 848 (555 SE2d 221) (2001).
[1] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).